## MOTOR POWER EQUIPMENT COMPANY v. PARK TRANSFER COMPANY AND OTHERS.[1]

March 3, 1933.

Nos. 29,294, 29,295.

Paul C. Thomas, for appellant.

Oscar A. Brecke and Edward T. Chesnut, for respondents.

LORING, JUSTICE.

These two actions were brought to recover from a public contractor and his bondsmen for what was alleged to be the rental of a

[1]Reported in 247 N. W. 244.

gasolene power shovel. The two actions were consolidated and tried to the court without a jury and resulted in findings and conclusions in favor of the defendants. Motions were made for a new trial, and plaintiff has appealed from the court's orders denying those motions.

Plaintiff is in the business of selling contractors' road building equipment, and prior to the transaction involved in this appeal had had some dealings with a contractor named Letwinik.

Prior to or about May 14, 1930, the defendant Park Transfer Company entered into two contracts with the state in connection with the building of two roads in Otter Tail and Hubbard counties. The company gave the statutory bond in connection with each contract, the defendant Royal Indemnity Company acting as surety on the Otter Tail county job and the defendant Georgia Casualty Company on the Hubbard county job. On the same day the company sublet a portion of the two jobs to Letwinik by one written contract. At that time the plaintiff had on hand a reconditioned B-3 Speeder gasolene shovel which it valued at $6,360. Letwinik wanted to buy this shovel for use in his contracting work, and May 17, 1930, entered into a contract, which the parties denominated a lease, by the terms of which he was to pay what was designated as a monthly rental of $500 per month for 12 months and $360 on the thirteenth month, thus agreeing to pay what was stated in the so-called lease to be the value of the shovel. It was provided in the so-called lease that Letwinik should keep the shovel free of all liens, taxes, and encumbrances and should not remove it from the county or state of his residence or transfer any interest therein or make any material change in the chassis, body, or equipment without the plaintiff's written consent, and that he should carry insurance not exceeding the value of the property at the time of the loss as the value was defined in the contract. Conditions were described therein which would result in the right on the part of the plaintiff to repossess the shovel. Perhaps the most significant provision was an agreement that in case of loss or destruction, either total or partial, Letwinik agreed to pay to the plaintiff the value

of the property at the time of the loss or destruction, the value to be determined as follows:

"From the value of said property at the time of delivery of same to the lessee as set forth above shall be deducted the total of rental payments theretofore made and the·sum thereby arrived at shall be the value."

This provision is also the one referred to in connection with the insurance. The last paragraph of the contract provided:

"It is also understood and agreed that the rental payments may be applied on the purchase price of the shovel if the lessee elect to purchase it."

The trial court did not make a finding as to whether this contract was a lease or a conditional sale, but it is the contention of the respondents here that as a matter of law it was a conditional sale contract. If that be the case, the plaintiff cannot recover in this action because obviously the shovel was a part of Letwinik's general equipment for use in connection with his general business of contracting. A comprehensive discussion of the principles applicable to such a situation is found in the case of Clifton v. Norden, 178 Minn. 288, 226 N. W. 940, 67 A. L. R. 1227, and no further elaboration here is needed.

The trial court found that Letwinik retained possession of the shovel long after the completion of these two contracts; that he used it upon other contracts without reference to any control by the plaintiff; that it was not procured for any particular job, but as a substantial part of Letwinik's general equipment; and that no substantial part of it was consumed in carrying out the contract here involved. It is significant that the rental of the shovel for the period of the lease was exactly the agreed value thereof, and that the rental was the same during the winter months, when it was not possible to use it, as during the summer, when it was in service. It is further significant that the so-called value of the property, according to the terms of the contract, decreased according to the payments that might be made upon it, and that the so-

called lessee was to pay the unpaid balance of the rental in case of the destruction of property. After the contract was signed the plaintiff caused it to be filed with the city clerk, as in the case of conditional sales contracts.

In H. H. Babcock Co. v. Williams, 75 Minn. 147, 151, 77 N. W. 791, 792, this court, in determining whether an agreement was a consignment or a conditional sale, used the following language:

"It is immaterial what the parties pretended to call this contract. In determining its nature we must look to its substance, and not to its form. * * * In ascertaining this intent, we must look to all of the different provisions of the contract, and see whether there are sufficient earmarks in it to show that the parties really intended the transaction as a conditional sale."

One of the principal tests applied by the court to such contracts is whether or not the buyer or the lessee is obligated at all events to pay the total purchase price of the subject of the contract. In the case at bar Letwinik obligated himself absolutely to pay the $6,360 in the 13 instalments heretofore mentioned, and the plaintiff's interest in the property was in all events determined in extent by the unpaid instalments. Taking the contract as a whole, we are convinced that no other construction can properly be placed upon it than that it was a conditional sale of the property involved. Burroughs A. M. Co. v. Bogdon (C. C. A.) 9 F. (2d) 54; Stern v. Drew, 52 App. D. C. 191, 285 F. 925, and see cases cited in the note, 17 A. L. R. 1435, et seq. and 43 A. L. R. 1257, et seq.

We do not think it material that express language was not used with reference to passage of title to Letwinik. That followed by necessary inference from the purchase clause upon the payment in full.

The orders appealed from are affirmed.

OLSEN, JUSTICE, took no part.