## JOAN A. OLSON v. HARRY DAVIS.[1]

April 9, 1943.

No. 33,412.

*Barron & Bradford,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an action to recover for personal injuries to plaintiff and damage to her automobile resulting from an accident occurring on February 4, 1942, when plaintiff's car was struck from behind by defendant's automobile on state highway No. 210 about six miles east of the city of Brainerd.

The case was tried before a jury, which returned a verdict of $10,000 for plaintiff. Thereafter defendant moved for a new trial

[1]Reported in 9 N. W. (2d) 344.

on the grounds (1) that the damages awarded were excessive and appeared to have been given under the influence of passion and prejudice, and (2) that plaintiff's counsel was guilty of "prejudicial misconduct" in questioning prospective jurors as to their interest in the insurance company carrying defendant's liability insurance.

Defendant's motion was denied on condition that plaintiff consent to a reduction of the verdict to $8,000. Plaintiff consented to the reduction, and defendant appeals from the order denying his motion for a new trial.

On appeal, defendant admits liability for the accident, but contends that the verdict as reduced is excessive and due to passion and prejudice and not sustained by the evidence; and, further, he assigns as error the conduct of plaintiff's counsel in questioning the prospective jurors as above set forth. The latter assignment of error is not discussed in the written argument, nor was it mentioned in the oral argument of counsel for defendant. Hence it will not be considered here, on the assumption that it has been abandoned by defendant.

In considering the injuries sustained by plaintiff, this court, under well established rules, must look upon the testimony in the light most favorable to plaintiff. Reick v. G. N. Ry. Co. 129 Minn. 14, 151 N. W. 408. In such light, the testimony indicates the following injuries: Plaintiff, a young woman 23 years of age, of good education and substantial ability, the oldest of nine children, lived with her parents on a farm near Brainerd. She owned and operated a school bus and did bookkeeping work, in addition, for two Brainerd business firms. In the accident she sustained a compression fracture and a subluxation of the sixth cervical vertebra resulting in injury to the nerves running to her left arm, which caused partial paralysis of the arm with some loss of use of the arm and fingers—a condition which still continued at the time of trial.

Shortly after the accident a Sayro-halter was fitted to her neck and worn intermittently for nine or ten days thereafter. She was

required to be confined in the hospital for 18 days and thereafter in bed in her home for an additional seven days.

She drove her car the next day after the accident but was unable to drive it thereafter up to the date of trial. There was competent medical testimony that the injuries will leave her cervical spine in a permanently weakened condition and more susceptible to serious injury from minor occurrences than a normal cervical spine. She experienced considerable pain, numbness, and weakness and lost substantially in weight.

It is conceded that plaintiff's special damages amounted to $929.65, leaving her general damages for such injuries as reduced by the trial court in the sum of approximately $7,000.

 A careful search of the record fails to disclose anything in the conduct of the trial which might give rise to passion or prejudice influencing the jury in its award. On the contrary, it appears that both counsel for defendant, as well as the witnesses, conducted the trial throughout without acrimony or friction. In commenting on this phase of the case, the trial court in its memorandum states:

"However, the court having observed the witnesses and the entire atmosphere of the trial, is confident that the verdict was not given under the influence of passion or prejudice, but was the result of the honest convictions of the jurors."

Accordingly, if passion or prejudice is to be found here, it must be found in the conviction of this court that the amount of the verdict, when considered with the evidence presented, indicates that the jury did not arrive at such amount upon a fair and impartial consideration of the evidence, but, on the contrary, must have been swayed by passion or prejudice in connection therewith.

The rule is well established that it is not enough that this court might have assessed such damages differently or that it believes them to be too large. It must always be kept in mind that the trial court occupies a better position for determining this question than does the appellate court. In the last analysis, the action of

the trial court will not be reversed except for a clear abuse of discretion. In the instant case we cannot hold that there was an abuse of discretion, particularly in view of the substantial re- duction already made in the verdict by the trial court.

In its memorandum on this point, the trial court states:

"The plaintiff is an exceptional girl. Her past experience and her evident abilities as a worker seem to justify a substantial ver- dict if the testimony of her doctor was believed by the jury. The testimony of the doctors was directly opposed, but there is no rea- son for believing that the defendant's doctors were right and the plaintiff's doctor wrong as a matter of law. That particular evi- dence was solely for the jury and since the jury obviously believed the plaintiff's doctor, this court would not be justified in setting the verdict aside on that ground. The jury observed the medical witnesses who testified, their demeanor and appearance, the rea- sons they advanced for their opinions, and were undoubtedly con- vinced on that score in plaintiff's favor. The court also observed those witnesses and cannot say the jury was wrong.

"However, the court has given this matter long and deliberate consideration and although he is disinclined to interfere with the jury's verdict because it is supported by the evidence, he believes that in the interests of substantial justice between the parties the verdict should be reduced in the amount indicated. This reduction should properly allow for any possible liberality in the amount of the verdict and at the same time adequately compensate the plain- tiff, and does, in the mind of the court, do substantial justice be- tween the parties."

The careful consideration given this fact question by the trial court· and the complete absence of anything indicating error in the trial or prejudice or passion influencing the jury in its award leave us no sound basis for further reducing the verdict or order- ing a new trial herein. See 5 Dunnell, Dig. & Supp. § 7136.

Affirmed.