MELVIN C. GILBERTSON v. CLARENCE GROSS AND OTHERS, *d. b. a.* MINNEAPOLIS & SUBURBAN BUS COMPANY.[1]

January 12, 1951.

No. 35,172.

[1]Reported in 45 N. W. (2d) 547.

*Mordaunt & Mordaunt,* for appellants.

*Meagher, Geer & Markham,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an action for damages arising out of a collision between a car driven by plaintiff, Melvin C. Gilbertson, and a bus driven by defendant Clarence Gross owned by defendants J. Vincent Palmer and John V. Palmer, doing business as the Minneapolis & Suburban Bus Company. The accident occurred on November 7, 1947, on Sixty-sixth street near Rae Drive in the village of Richfield.

At the close of the trial, the jury returned a verdict in plaintiff's favor in the sum of $7,148.75 against all the defendants. This is an appeal from a subsequent order denying defendants' motion for a new trial.

The sole issue presented for determination is whether the damages awarded are so excessive as to appear to have been given under the influence of passion and prejudice.

It is conceded that plaintiff's special damages came to $1,148.75, leaving $6,000 to cover injuries and disabilities sustained by him, and it is the award of this sum for such injuries that is challenged here.

In its memorandum denying defendants' motion for a new trial, the trial court stated:

"The jury * * * was very liberal in awarding damages to plaintiff but in view of the present low value of the dollar and the high cost of living, the verdict is not so excessive that the Court can determine * * * that it was influenced by passion and prejudice."

■ The general rules applicable are well established. To warrant overturning a verdict on appeal, the damages must so greatly exceed adequate compensation as to be accounted for on no other basis than that of passion or prejudice. Ott v. Tri-State T. & T. Co. 127 Minn. 373, 149 N. W. 544; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439. Each case must be determined in the light of the peculiar facts applicable. Flemming v. Thorson, 231 Minn. 343, 43 N. W. (2d) 225; Koenigs v. Thome, 226 Minn. 14, 31 N. W. (2d) 534. The present diminished value or purchasing power of the dollar must be taken into account. Flemming v. Thorson, *supra;* Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327. The trial court, having heard the testimony and observed the parties and the witnesses, is normally in a better position than this court to determine the question, and its actions will not be reversed here in the absence of a clear abuse of discretion. Maas v. Midway Chevrolet Co. 219 Minn. 461, 18 N. W. (2d) 233, 158 A. L. R. 215; Olson v. Davis, 215 Minn. 18, 9 N. W. (2d) 344; Quinn v. C. M. & St. P. Ry. Co. 162 Minn. 87, 202 N. W. 275, 46 A. L. R. 1228; Ott v. Tri-State T. & T. Co. *supra.*

■ Keeping these principles in mind, an examination of the evidence here does not convince us that the trial court abused its discretion in denying defendants' motion. At the time of the accident plaintiff was 25 years of age. He was an ex-serviceman, with disability as the result of combat fatigue or shell shock and related symptoms. He had been hospitalized therefor prior to his discharge from the army. While thus disabled, he had suffered from insomnia, headaches, and nausea. Just prior to the accident, he had evidenced

a fairly substantial recovery from his condition and was employed by the Lyndale Hardware Company in its wholesale department. After the accident and as a result thereof, there was a recurrence of his former disabilities and accompanying symptoms. For approximately 30 days he experienced a continuous headache. During a period of four or five weeks, he had only about half a dozen nights of full rest. He had constant nausea with resulting vomiting. Such symptoms had subsided fairly well at the end of nine months, but they were still obvious and severe at the time of trial.

He sustained a rupture or tear of the cartilages of his knee, which completely disabled him for about four weeks. It remained completely stiff for about three weeks thereafter and required the support of an elastic bandage for at least five or six weeks. He was required to walk with the aid of crutches for about two weeks. The movements of his knee were restricted for a period of six months. After his return to work, he found that when lifting heavy objects his knee frequently gave way, producing severe pain. He still experienced pain and disability from this source at the time of trial two years after the accident. He suffered other bruises and contusions, and for a short time experienced pain in the lower part of his back and neck and a shortness of breath as the result of being struck in his chest.

When these injuries and disabilities are considered, we cannot say as a matter of law that the jury's award therefor was excessive. This is particularly true in view of the present diminished purchasing power of the dollar. The trial court had the opportunity of observing plaintiff and the other witnesses and of reviewing their testimony, and we must conclude that the record does not establish an abuse of discretion on its part in denying defendants' motion for a new trial on the grounds of passion or prejudice.

Affirmed.