HAROLD HUGHES v. ALBERT BECKER AND ANOTHER.
WILD RICE MOTOR COMPANY, APPELLANT.

108 N. W. (2d) 781.

April 21, 1961—No. 38,096.

*Leonard A. Wilson, Jr.,* and *L. A. Wilson,* for appellant.
*Benton & Weber,* for respondent.

DELL, CHIEF JUSTICE.

This is an action to recover damages for conversion of a truck. Defendant, the Wild Rice Motor Company, appeals from a judgment entered in favor of plaintiff.

On August 25, 1958, the plaintiff and one Albert Becker entered into an agreement wherein plaintiff transferred to Becker the former's 1950 International truck. At that time the following instrument, received in evidence as plaintiff's exhibit 4, was signed by Becker:

"August 25, 1958
Sold to Albert Becker
For: $1700
Bought From Harold Hughes
Harold to receive 60% of Truck
wages until truck is paid for.
    Albert Becker"

According to the plaintiff, he was to receive the payments either weekly or monthly depending upon when Becker was paid. When the total of such payments aggregated $1,700, plaintiff was to transfer title to the truck to Becker. Becker was to maintain the truck and pay operating expenses. The license fee and insurance premium for the current year had been paid prior to transfer of possession. Plaintiff retained the registration card.

Thereafter, on September 18, 1958, Becker traded the truck to the Wild Rice Motor Company (hereinafter referred to as the defendant), in exchange for a newer and larger truck. At the time it was traded, Berth C. Ness, president of the defendant company, examined the truck. He checked, so he testified, with the register of deeds of Itasca County to ascertain whether there were any encumbrances on the vehicle, but did not inquire of the secretary of state as to its ownership. Becker represented that the truck, which had plaintiff's name plainly printed on the doors, belonged to him.

Plaintiff failed to receive any payments from Becker and, after learning the whereabouts of the truck, demanded possession from the defendant in March 1959, which demand was refused. He thereafter instituted this action for conversion, naming both Becker and the Wild Rice Motor Company as defendants. Becker interposed no answer and did not appear at the trial. The jury returned a verdict in favor of the plaintiff in the amount of $1,700.

■ The first issue presented is whether the transaction between the plaintiff and Becker was a conditional sales contract or, as plaintiff contends, a leasing agreement. Under Minn. St. 511.18, subd. 1, every conditional sales contract is void as against subsequent purchasers in good faith unless the contract, or a copy thereof, or, if oral, a memorandum, is filed in the same manner as a chattel mortgage. No such contract, copy, or memorandum was filed in the instant case. The trial court submitted to the jury the question of whether the contract here involved was a conditional sales contract so as to make § 511.18 applicable. The defendant contends that under the evidence the jury should have been instructed that the transaction was a conditional sales contract as a matter of law, leaving only the issue of the defendant's good faith for its determination.

Where, as in the instant case, a contract is partly in writing and partly oral, its construction, in the absence of conclusive evidence, is for the jury.[1] The evidence here, as we see it, was not so conclusive as to require the court to withdraw this issue from the jury. Although in the complaint the transaction is characterized as an agreement to buy and to sell, in his testimony the plaintiff described it as a leasing arrangement wherein the 60-percent payments to be made would be considered as rental.[2] Whether a contract is a lease or a conditional sale is dependent upon the substance of the agreement and the intent of the parties. It is not necessarily controlled by the use of particular

---

[1] Downer v. St. Paul & Chicago Ry. Co. 23 Minn. 271; see, Hartung v. Billmeier, 243 Minn. 148, 66 N. W. (2d) 784.

[2] No objection having been made that the evidence regarding a rental agreement was outside the scope of the pleadings, the issue would appear to have been litigated by consent. See, Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 67 N. W. (2d) 400.

words in describing the agreement.[3] A conditional sale is essentially a transaction wherein the seller transfers possession to the buyer but retains title for the purpose of securing payment of the purchase price.[4] It makes little difference whether the payments are called "rental" if at the conclusion of a specified number of such "rental" payments title passes from the seller to the purchaser.

The Uniform Conditional Sales Act, § 1, includes within its definition of a conditional sale:

"* * * any contract for the bailments or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract."

Although the act has not been adopted in Minnesota, this court, like most jurisdictions, has not hesitated to look through the form of purported leasing agreements to find that in substance they were conditional sales.[5] It follows that plaintiff's testimony that the transaction was a leasing arrangement is of little significance if, in fact, it bears the attributes of a conditional sales contract.

It is, however, essential to a conditional sales contract that there be an obligation on the part of the buyer to pay the stated price, whether it be called "rent" or something else. In Motor Power Equipment Co. v. Park Transfer Co. 188 Minn. 370, 373, 247 N. W. 244, 245, we said:

---

[3]Motor Power Equipment Co. v. Park Transfer Co. 188 Minn. 370, 247 N. W. 244; H. H. Babcock Co. v. Williams, 75 Minn. 147, 77 N. W. 791.

[4]See, Yellow Mfg. Acceptance Corp. v. Handler, 249 Minn. 539, 83 N. W. (2d) 103.

[5]Motor Power Equipment Co. v. Park Transfer Co. 188 Minn. 370, 247 N. W. 244; 2 Williston, Sales (Rev. ed.) § 336, and cases cited under note 13. See, also, Minn. St. 511.19, governing repossession in conditional sales contracts, which specifically includes "personal property * * * rented under an agreement that when the entire rental is paid * * * title thereto shall be transferred."

"One of the principal tests applied by the court to such contracts is whether or not the buyer or the lessee is obligated at all events to pay the total purchase price of the subject of the contract."

Here the plaintiff's testimony tends to show that Becker could have terminated the transaction at any time by returning the truck. The fact that the payments were contingent upon earnings being realized from the truck also indicates that there was no absolute liability on Becker's part to ultimately pay the $1,700. While there is some evidence to the contrary, we believe that when it is considered as a whole, it was sufficiently conflicting to create an issue of fact for the jury.

■ Defendant's claim that the verdict is so excessive as to indicate that it was the result of passion and prejudice on the part of the jury is of little merit. Plaintiff testified that at the time of its conversion the truck was worth $1,700. At the time plaintiff's exhibit 4 was prepared and signed, both plaintiff and Becker valued it at $1,700. This appears from the instrument itself. Mr. Ness, defendant's president, testified that the value of the truck at the time of the alleged conversion was $500, and a witness called by the plaintiff placed a value upon it of from $800 to $1,500. Before a verdict may be set aside on the grounds above stated the damages must so greatly exceed adequate compensation that the verdict cannot be accounted for on any other basis than that of passion or prejudice.[6] The trial court, having heard the testimony, and having observed the parties and their witnesses, was in a far better position than this court to decide that question. We have repeatedly said that its actions will not be reversed in the absence of a clear abuse of discretion.[7] Upon the record here we cannot say that the court abused its discretion and the verdict must be affirmed.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[6]Gilbertson v. Gross, 232 Minn. 373, 45 N. W. (2d) 547.

[7]Gilbertson v. Gross, *supra.*