# TRANSPORT LEASING CORPORATION v. STATE AND ANOTHER.
## IN RE PETITION OF TRANSPORT LEASING CORPORATION FOR DETERMINATION OF VALIDITY OF OBJECTIONS TO PERSONAL PROPERTY TAXES.

199 N. W. 2d 817.

July 14, 1972—No. 43369.

*Warren Spannaus,* Attorney General, and *C. Hamilton Luther,* Special Assistant Attorney General, for the state and commissioner of taxation.

*George M. Scott,* County Attorney, and *David E. Mikkelson,* Assistant County Attorney, for the county.

*Dorsey, Marquart, Windhorst, West & Halladay, John W. Windhorst,* and *John W. Windhorst, Jr.,* for respondent.

PETERSON, JUSTICE.

The first issue for decision is whether under Minn. St. 1969, 272.02(11)(b),[1] tools and machinery owned by the taxpayer but leased to another, and used or usable by the lessee for purposes declared exemptible by the statute, are exempt from ad valorem taxation for the assessment years 1967 and 1968. We affirm the trial court's determination that they were exempt. The second issue is whether, for either or both of those years, the taxpayer made an effective election to be so exempt. We affirm the trial court's determination that the election was effective for 1968 and reverse its contrary determination as to 1967.

The issues in this case are nonrecurring because this statute

---

[1] Minn. St. 1969, § 272.02, provides in part: "All property described in this section to the extent herein limited shall be exempt from taxation:

\* \* \* \* \*

"(11) The taxpayer shall elect whether to be exempted with respect to category (a) or (b) as hereinafter defined.

"(a) All inventories, stocks of merchandise of all sorts, manufacturers material, manufactured articles including the inventories of manufacturers, wholesalers, retailers and contractors; \* \* \*

"(b) Tools and machinery which by law is considered as personal property used or useable in construction of buildings or highways or in the manufacture, processing, production, sale or distribution of marketable products including but not limited to goods, wares and merchandise and processing of food and fiber.

"The person who would be liable for a tax on said property but for the exemption provided herein shall make his election to be exempted under (a) or (b) by delivering to the assessor a declaration in writing with respect thereto prior to the making of the assessment. \* \* \* If no election is made by the taxpayer, it shall be presumed that the taxpayer has elected to come under the provisions of (a) of this paragraph."

has been so amended by Ex. Sess. L. 1971, c. 31, art. XXII, § 3, effective January 2, 1972, that virtually all business personal property is exempt from taxation, without regard to the manner in which it is used and without the requirement that the taxpayer file an election. Our decision accordingly will have little precedential value except as to other taxpayers similarly situated at the present time.

■ In the taxable years, the taxpayer, plaintiff Transport Leasing Corporation, was engaged in the business of leasing tools and machinery, used by its lessees for the purposes described in Minn. St. 1969, § 272.02(11)(b), as exempt.[2] This leasing system is a financing arrangement which permits the lessee to pay for equipment over the term of the lease instead of paying the full purchase price at the time of acquisition. These are net lease agreements for a noncancellable term, the length of which varies depending upon the nature and use of the property and the financial responsibility of the lessee. The lessee is commonly provided an option either to purchase the property at fixed times or to trade it for new equipment. The aggregate of the rental payments is sufficient to amortize the purchase price, with interest, and bring a financial return to the lessor. The lessee is additionally obligated to pay all expenses commonly associated with the use and operation of business assets, including all taxes imposed upon the interest of either the lessor or the lessee in the property or upon its use and operation.

We hold, in agreement with the trial court, that such leased tools and machinery were exempt from taxation by § 272.02 (11)(b) if the owner has filed an effective election with the assessor for such exemption. The essence of the state's claim for

---

[2] This all-inclusive statement is not exact because some tools and machinery may not have been so used or usable. It has been stipulated that, in the event it is determined that some of the leased property was exempt for any year, any apportionment between exempt and nonexempt property will thereafter be determined in further proceedings in the trial court.

taxability, rightly rejected by the trial court, is that there must be a concurrence of both ownership and use as a prerequisite to exemption.

The statute is by its terms directed at the use, rather than ownership, of property for tax-exemption purposes. It does not say that the owner must so use the property or that the user must be the owner. The absence of language requiring concurrence of ownership and use appears intentional, for § 272.02(14) did impose a requirement of concurrence of ownership and use for the exemption of agricultural tools, implements, and machinery.[3] Distinctions of language in the same context must be presumed intentional and must be applied consistent with that intent. Springborg v. Wilson & Co. Inc. 255 Minn. 119, 127, 95 N. W. 2d 598, 604 (1959). We think the nontechnical language of the statute is of such sufficient clarity as not to compel judicial deference to the contrary administrative interpretation of this relatively recent statute. Minnesota Microwave, Inc. v. Public Service Comm. 291 Minn. 241, 245, 190 N. W. 2d 661, 665 (1971); In re Answer of Minnesota Power & Light Co. 289 Minn. 64, 182 N. W. 2d 685 (1970).

Our interpretation of the statute is consistent with the legislative objective. The state concedes that a major objective of the statute was to relieve industry of burdensome personal property taxes as a stimulus to economic activity and employment opportunity. The taxpayer, to be sure, is not itself such an industry, but the lessees are, and, under the leases, it is the latter upon whom the economic burden of the personal property taxation ultimately falls. The state concedes, moreover, that had the same financing arrangement taken the form of a conditional sales contract for tools and machinery so used, the vendee would be en-

---

[3] Section 272.02(14) exempts "[a]ll agricultural tools, implements and machinery *used by the owners* in any agricultural pursuit." (Italics supplied.) This same requirement of concurrence notably was included in the Minnesota Agricultural Property Tax Law, § 273.111, which was contemporaneous in enactment.

titled to the exemption. We do not think the statutory objective is advanced by making technical distinctions in title for these purposes of tax exemption.[4]

The reliance of the state upon such cases as State v. Ritschel, 220 Minn. 578, 20 N. W. 2d 673 (1945), and Christian Business Men's Committee v. State, 228 Minn. 549, 38 N. W. 2d 803 (1949), is, we think, misplaced. These cases involved tax exemptions granted by certain clauses of art. 9, § 1, of our state constitution to foster the operation of public and nonprofit organizations for public interest purposes. Application of the concurrence doctrine to these exemptions would preclude the exploitation of such tax exemptions for other income-producing uses of property. The Ritschel case actually arose in a situation where neither the ownership nor use was for a tax-exempt purpose, a critical distinction implicitly recognized in Chun King Sales, Inc. v. County of St. Louis, 256 Minn. 375, 98 N. W. 2d 194 (1959). These policy considerations are patently distinguishable from the statutory policy of encouraging business expansion by the intentional grant of tax relief upon income-producing personal property used by private industry.[5]

---

[4] We have in several cases looked beyond form to substance in finding that what purports to be a lease is really a conditional sale. See, e. g., Motor Power Equipment Co. v. Park Transfer Co. 188 Minn. 370, 247 N. W. 244 (1933); National Cash Register Co. v. Ness, 204 Minn. 148, 282 N. W. 827 (1938). Cf. Hughes v. Becker, 260 Minn. 83, 108 N. W. 2d 781 (1961). The comment on Minn. St. 336.9-202 of the Uniform Commercial Code appearing in 21C M. S. A. p. 313, similarly encourages consideration of substance and not just the form of such transactions.

[5] It is possible, as the state notes, that a taxpayer, by the device of leasing tools and machinery to a dummy corporation, might have asserted a claim for its own inventory and the tools and machinery of its artificial lessee. But neither the taxing authorities nor the courts would be bound to give effect to an arrangement designed merely to achieve a double exemption, contrary to legislative intent. The argument, in any event, cuts both ways, for the state's solution would deny the exemption to either the boda fide lessee or to the bona fide lessor who made no claim for exemption of inventory.

■ The taxpayer was understandably uncertain as to the classification of its property under either clause (11)(a) or (11)(b) of the so-recently enacted § 272.02(11), and accordingly declared its election in alternative form. With respect to personal property taxes assessed in 1967, payable in 1968, plaintiff declared:

"'* * * [B]ecause it is not clear under the law whether leased equipment is entitled to exemption as inventory or as tools and machinery, we hereby elect to have our property exempt as inventory *unless* it should be determined that such property is to be classified as tools and machinery, in which event we elect exemption under the provisions of Section 272.02(11)(b) * * *." (Italics supplied.)

With respect to the taxes assessed in 1968, payable in 1969, plaintiff declared:

"The undersigned * * * hereby elects to claim exemption for its tools and machinery * * *.

"In the event that it shall be determined that such leased property does not constitute 'tools and machinery', but does constitute 'inventories',* * * the undersigned elects for exemption * * * its inventories in a value equal to that of the tools and machinery."

Olson Equipment Co. v. City of Minneapolis, 285 Minn. 146, 171 N. W. 2d 717 (1969), was thereafter decided, determining that such leased property was not exempt as inventory. The taxpayer in the case at bar thereupon abandoned any claim to exemption under clause (11)(a) and claimed its exemption under clause (11)(b).

We hold, in disagreement with the trial court, that the taxpayer made a valid election to have its personal property exempted as tools and machinery in both years. The substance of the matter is that the taxpayer was asserting exemption of its equipment, used for the exempt purposes prescribed by the statute, in only one category. It plainly did not ask a double exemption.

The election was "alternative" only in form, in the sense that the taxpayer, referring to physically identical and identified property, simply asked the taxing authority to label it by whichever of the two categories was applicable. No burden or prejudice to the state is apparent or even suggested, for it is obvious that the mere difference in labels made no difference in the role of the assessor or auditor, which was to classify and determine the qualification of property for exemption. The property was qualified for exemption, and no legitimate state interest would be served by denying the exemption on hypertechnical grounds.

Affirmed in part; reversed in part.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.