JAN L. JANSEN v. ALEN M. HERMAN AND OTHERS. EDWARD M. CARLIN, d.b.a. EDWARDS REALTY AND ANOTHER, APPELLANTS.

230 N. W. 2d 460.

May 30, 1975—No. 45239.

*Stacker & Ravich, R. J. Tansey, Jr.,* and *Jeanne Maki Weyhrich,* for appellants.

*Leonard, Street & Deinard* and *Charles A. Mays,* for respondent.

Heard before Peterson, Todd, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This action was originally commenced to rescind a purchase agreement involving a Minneapolis apartment complex. That issue was settled out of court. The litigation now on appeal involves a dispute between two defendants, one of whom claims a commission for services rendered as a real estate broker in connection with the property.

Edward M. Carlin is a licensed real estate broker doing business as Edwards Realty, a division of C & Z Investments, Inc. Alen Herman was at all pertinent times the sole owner of the Williamsburg Estates apartment complex located in Minneapolis.

In May 1970 and August 1971 Carlin and Herman entered into short-term exclusive listing agreements. No sale or contract to sell was produced during the terms of these agreements. Neither of the written listing agreements was ever extended in writing, and no other written listing agreements relating to Williamsburg Estates were entered into by the parties.

Although Carlin continued his efforts to sell Williamsburg Estates after the expiration of the listing agreements, there was a conflict in the testimony as to the basis upon which these efforts were made. Carlin testified that he and Herman never actually came to any agreement relating to his commission, but that Herman knew of and acquiesced in his continued efforts to sell Williamsburg Estates. Herman, on the other hand, testified that, after the expiration of the second listing agreement, he told Carlin that "he was working as a volunteer, that he was not going to tie my property up any further and he was on his own." Herman also testified that it was agreed that Carlin would earn a $50,000 fee if and when a transaction actually closed.

During the fall of 1971, Carlin introduced Herman to Jan L. Jansen, plaintiff in this action, and Herman and Jansen commenced negotiations regarding Williamsburg Estates. On May 1, 1972, Jansen and Herman entered into a purchase agreement which set the date of closing the sale for June 1, 1972.

Sometime between May 1 and June 1, 1972, after the purchase agreement had been signed, Carlin and Herman executed a document (exhibit E) which, in relevant part, provided:

"THAT, WHEREAS, ALLEN M. HERMAN AND LOIS HERMAN, husband and

wife, are indebted to Edward's Realty, a Division of C & Z Investments, Inc., as and for commission earned in the sum of Fifty Thousand ($50,000) Dollars for the sale of certain property owned by said ALLEN M. HERMAN AND _____ HERMAN, and

\* \* \* \* \*

"Now, THEREFORE, IT IS UNDERSTOOD AND AGREED BY THESE PRESENTS: That ALLEN M. HERMAN AND _____ HERMAN, husband and wife, hereinafter called Assignors, for and in consideration of the monies due to said Edward's Realty and as security for the same, do hereby sell, assign, and transfer unto said Edward's Realty, a Division of C & Z Investments, Inc., its successors and assigns, the total sum of Fifty Thousand ($50,000.00) Dollars from the monies now due and owing and which may hereafter be or become due and owing to the Assignors hereunder, pursuant to the terms and conditions of that certain Contract for Deed dated the 1st day of June, 1972, made by ALLEN M. HERMAN AND _____ HERMAN, husband and wife, as Vendors, to JAN L. JANSEN AND GRETCHEN J. JANSEN, husband and wife, as Vendees, by the terms of which the Vendees have agreed to pay for certain property described in said Contract for Deed the total sum of One Million Eight Hundred Thousand ($1,800,000.00) Dollars."

Referring to this agreement, Herman testified:

"It was mutually agreed by both of us that had no sale taken place, that he wasn't entitled to any commission for said services, and he wouldn't be entitled to any consideration under Exhibit E \* \* \*."

No closing ever occurred, and no contract for deed was entered into. In October 1972, Jansen notified Herman that he was rescinding the purchase agreement because of claimed inaccuracies contained in a schedule of annual rentals and in a schedule of the fixed expenses for Williamsburg Estates for 1970, delivered to Jansen during the negotiations.

Thereafter, Jansen brought this action against both Herman and Carlin,[1] alleging fraud and misrepresentation with regard to the income and expenses for Williamsburg Estates. Carlin denied the allegations and cross-claimed against Herman for his real estate commission. The parties agreed to settle the issues raised by Jansen's complaint and entered into a stipulation of partial dismissal and a mutual release

---

[1] C & Z Investments, Inc., a corporation controlled completely by the Carlin family, was also named a defendant. We treat it and defendant Carlin as the same for purposes of this opinion.

which provided for the return of Jansen's earnest money, preserving only Carlin's claim for a commission.

The trial court concluded that the agreement contained in exhibit E was to become effective only upon the closing of the sale. Since the closing never occurred, its terms were held not to be binding, and judgment was ordered in favor of Herman. Carlin appeals from the denial of his motion for a new trial.

1. Carlin bases his claim for a commission on the contract known as exhibit E, an instrument purporting to establish Herman's liability to Carlin in the amount of $50,000. On the basis of parol evidence, Herman asserts, and the trial court agreed, that the written contract was conditioned upon the actual closing of the sale. Carlin contends, however, that the parol evidence was not properly admissible at trial.

The law is clear that oral evidence of discussions, negotiations, or understandings is not admissible to vary or contradict the terms of a clear, unambiguous, and integrated written contract. Housing & Redevelopment Authority v. First Ave. Realty Co. 270 Minn. 297, 133 N. W. 2d 645 (1965); The Dayton Co. v. Carpet, Linoleum, etc. Union, 229 Minn. 87, 39 N. W. 2d 183 (1949).

In every instance where the parol evidence rule is sought to be applied, however, a threshold question must be asked: Is the contract valid and operative? If the contract was to be binding only upon performance of an agreed-upon condition precedent, then the contract goes into force only upon the performance of that condition. Thus, parol evidence may be admissible to show that, notwithstanding the existence of a written contract, it was the intention of the parties that the contract should not become operative except upon the happening of some future event. 3 Corbin, Contracts § 577; 4 Williston, Contracts (3 ed.) § 634.

In Minnesota we have repeatedly held that parol evidence is admissible to show that, notwithstanding the delivery of an instrument, the intention of the parties was that it should not become operative as a binding contract except upon the happening of a future contingent event. Skaaras v. Finnegan, 31 Minn. 48, 16 N. W. 456 (1883); Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995 (1894); Minar Rodelius Co. v. Lysen, 202 Minn. 149, 277 N. W. 523 (1938); Hamilton v. Boyce, 234 Minn. 290, 48 N. W. 2d 172 (1951). Thus, parol evidence was clearly admissible to show the existence of a condition precedent to the contract set out in exhibit E.

2. Carlin next asserts, notwithstanding the admissibility of the contrary parol evidence, that the agreement between Herman and him was

not subject to a condition precedent. Rather, Carlin argues, exhibit E speaks only of a "commission earned in the sum of $50,000." Herman, however, testified that it was agreed that Carlin would earn his $50,000 commission if and only if the transaction actually closed.

Based on this conflicting evidence, the trial court concluded that the parties had agreed that the commission agreement would be effective only upon the closing of the sale. The closing was a condition precedent to the validity of the contract. The court concluded:

"Plaintiffs' Exhibit E is a purported assignment of a portion of monies due or to become due under a certain contract for deed. It was prepared in anticipation of closing on the real estate sale and its terms were to be operative only after such closing, and since the closing never occurred, its terms are not binding upon the parties."

Whether or not a certain oral agreement constituted a condition precedent for a subsequent contract is a factual determination to be decided by the trier of fact. See, Bergstedt, Wahlberg, Berquist Associates, Inc. v. Rothchild, 302 Minn. 476, 225 N. W. 2d 261 (1975); Hughes v. Becker, 260 Minn. 83, 108 N. W. 2d 781 (1961); Hartung v. Billmeier, 243 Minn. 148, 66 N. W. 2d 784 (1954). Where the trial court makes findings of fact without a jury, such findings shall not be set aside unless clearly erroneous on the record as a whole. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972); Rule 52.01, Rules of Civil Procedure.

There is sufficient evidence to support the trial court's finding. Herman's testimony on the issue is substantiated by exhibit E. It states that a $50,000 commission was earned "for the sale" of Herman's property, and it also refers to an existing contract for deed, when in fact there was no contract for deed. This language, too, gives support to the trial court's conclusion that this contract was to go into effect only upon the closing of the sale.

We therefore affirm the finding of the trial court that the document known as exhibit E never became effective because a condition precedent (the closing) never occurred. Thus, Carlin is foreclosed from claiming his commission based on that agreement alone.

3. Even if Carlin and Herman had agreed that Carlin's commission was contingent upon the closing of the sale, yet another question must be asked. The law is clearly established that if Herman is solely to blame for the failure of the closing, Carlin may nonetheless recover.

In Olson v. Penkert, 252 Minn. 334, 343, 90 N. W. 193, 200 (1958), we stated:

"We think the rule well established that, if the efforts of the broker

are rendered a failure by the fault of the employer, the broker does not lose his commission. *This rule is based upon the familiar principle that no one can avail himself of the nonperformance of a condition precedent who has himself occasioned its nonperformance.*"

See, also, Schramsky v. Hollmichel, 233 Minn. 481, 47 N. W. 2d 177 (1951).

Carlin asserts that the closing failed to occur solely because of Herman's misrepresentations to Jansen. The law is settled that Carlin bore the burden of proof of demonstrating such a fact. Olson v. Penkert, *supra*; Schramsky v. Hollmichel, *supra*. The record shows that Carlin did not do so.

Affirmed.