### In re the ESTATE OF Richard G. GIGUERE, Deceased.

### No. C2–84–2082.

Court of Appeals of Minnesota.

April 16, 1985.

Warren V. Bigelow, Jr., Wayzata, for appellant.

John C. Hoffman, Princeton, for Kenneth Iliff.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an action by Kenneth L. Iliff on a claim against the estate of Richard G. Giguere, deceased. The trial court held that Iliff's Note was a valid claim on the estate. We affirm.

## FACTS

Richard Giguere and Kenneth L. Iliff first met in 1954 and lived together from 1969 to October 1981 in Giguere's lake cabin in Elk Lake, Minnesota, and from October 1981 until Giguere's death on August 9, 1983, in Iliff's Zimmerman home.

On July 11, 1969, Giguere borrowed $6,851.04 from Iliff at 8 percent interest. The loan was evidenced by a promissory note payable in 90 days.

On October 11, 1969, Iliff demanded payment. Giguere was unable to make payment so the parties agreed that unless Iliff needed the money earlier, payment would be made when Giguere sold his lake cabin.

In 1981 Giguere sold the property to his brother, John G. Giguere. Prior to Giguere's death, he had made no payments on the note nor was there any writing extending the time for payment. Iliff did not commence collection proceedings until October 1983 when he filed a claim against Giguere's estate. The personal representative of the estate disallowed Iliff's claim on the basis that it was barred by the statute of limitations.

The trial court held that the parties mutually agreed to extend the due date of the note and that the instrument was to be paid when the lake cabin was sold.

## ISSUES

Is the promissory note barred by the statute of limitations?

## ANALYSIS

The promissory note executed by Giguere had all the attributes of a negotiable instrument at the time of execution. *See* Minn.Stat. § 336.3–104 (1984). It was signed by the maker, contained an unconditional promise to pay a sum certain in money, was payable at a definite time and was payable to order. A cause of action accrues against the maker one day after maturity. Minn.Stat. § 336.3–122 (1984). The applicable statute of limitations is six years. Minn.Stat. § 541.05, subd. 1 (1982). Accordingly, any proceeding to enforce the note would be barred if brought after October 10, 1975.

Iliff did not file his claim until October 1983, more than 8 years after the statute of limitations had run. He argues that Giguere made an oral extension of the time for payment so that payment would be

made at the time of the sale of Giguere's cabin.

 An extension of time of payment is a valid and binding agreement to delay the enforcement of a promissory note. An extension may be made by an oral agreement without violating the rule excluding parol evidence to contradict, add to, or vary a written contract because the evidence is admitted only to prove a new agreement. Nor does an oral extension violate the Statute of Frauds:

> Our prior decisions hold that an oral agreement that modifies the method or time for performance is valid and not subject to the statute of frauds. Justice Mitchell stated the rule:

>> [T]he distinction must be kept in mind between the contract itself, which is within the purview of the statute, and the subsequent performance, which is not. The oral stipulation for an extension of the time of payment goes simply to the question of performance, constituting an excuse, as it does, for the failure to perform according to the terms of the written contract, and a reason why the defendant had no right to declare a forfeiture on account of such failure. Courts have often indulged in some refined reasoning as to the grounds of the rule, but they seem generally to agree that even as to contracts within the statute of frauds a waiver of a forfeiture for nonperformance, according to the terms of the written contract, may be proven by parol. Perhaps as good a ground as any upon which to put the rule is that of equitable estoppel, that he who prevents a thing being done shall not avail himself of the nonperformance which he himself has occasioned.

*Thoe v. Rasmussen*, 322 N.W.2d 775, 777 (Minn.1982) (quoting *Scheerschmidt v. Smith*, 74 Minn. 224, 228, 77 N.W. 34, 35 (1898)).

> The prevailing rule is that the parties may contract orally to modify their agreements as respects the manner of performance.

*Thoe*, 322 N.W.2d at 777 (quoting 8A Thompson, Real Property § 4455, at 324 (1963)). An oral modification of a promissory note "must be clear and convincing." *Hayle Floor Covering, Inc. v. First Minnesota Construction Co.*, 253 N.W.2d 809, 812 (Minn.1977). The evidence here met that test.

 At trial Iliff testified that because Giguere couldn't repay the loan in October 1969, he agreed to accept payment when Giguere sold his Elk Lake property. In exchange, Iliff received the right to be paid from the proceeds of the sale of the property. Iliff's testimony was not disputed. The trial court's conclusion that the parties had mutually agreed to extend the due date of the note is supported by the record.

## DECISION

The oral extension between Iliff and Giguere was a valid and binding modification of the promissory note. Accordingly, the statute of limitations began to run on the date the Elk Lake property was sold.

Affirmed.