DUMBAULD, Senior District Judge.
 

 One Stanford W. Dale, Jr. set up a company known as SLI Inc. through which he planned to import printing equipment from Japan, which was sold by a company known as ORC. Appellant Ken Kitazawa was disturbed by this development, as he claimed sole distribution rights in the United States for such equipment. Stanford drew up an agreement, which was signed by himself as president of the corporation and by Kitazawa, agreeing that SLI would pay Kitazawa 3% on SLI’s sales of ORC products; but Stanford retained the sole copy of the document (J.A. 100, 109) until he found out whether it was true that Kitazawa really held the sole distribution rights which he claimed. When Dale found out that Kitazawa did not have such rights, Dale destroyed the document, but had given a copy of it to Sadamitsu Hara of ORC, (J.A. 112, 13) which appellant obtained to be used as evidence in the instant lawsuit. After a bench trial, the District Court concluded that under Minnesota law no contract existed and dismissed appellant’s action.
 
 [1]
 
 We affirm.
 

 As trier of the facts in lieu of a jury the Court’s findings not only are entitled to the usual deference but are almost inevitable, as there is no contest regarding the facts as briefly summarized above. In fact as the District Court noted, appellant’s own testimony and affidavits are substantially the same as appellee’s version of their dealings. They can certainly not be assailed as being unsupported by the evidence of record.
 

 Likewise the Court’s legal conclusion is solidly based upon Minnesota law and the general principles of contract jurisprudence. In
 
 Jansen v. Herman,
 
 304 Minn. 572, 230 N.W.2d 460, 463 (Minn.1975), the Supreme Court stated:
 

 In Minnesota we have repeatedly held that parol evidence is admissible to show that, notwithstanding delivery of an instrument [and we may interpolate
 
 a for-tiori
 
 in the case at bar, where delivery was postponed and never occurred], the intention of the parties was that it should not become operative as a binding contract except upon the happening of a future contingent event. [Citations omitted].
 

 Citing the well-known treatises of Willi-ston and Corbin on contracts, the court held that
 

 If the contract was to be binding only upon the performance of an agreed-upon condition precedent, then the contract goes into force only upon the performance of that condition.
 

 Furthermore the preliminary decision by the District Court limiting the trial to the contract count was clearly correct. Appellant’s claims based upon misappropriation of business opportunity or breach of fiduciary duty are patently far-fetched and untenable, though demonstrating the ingenuity and imagination of counsel.
 

 The prior relationships and associations of appellant and Dale might much more appropriately be characterized as “bull sessions” or the pipe dreams of enterprising young entrepreneurs seeking avenues to
 
 *1268
 
 wards success in business than as establishing any sort of fiduciary relationship between them.
 

 The judgement of the District Court is
 

 AFFIRMED.
 

 [1]
 

 . (J.A. 98). Previously, on April 2, 1990, the Court had dismissed Dale as an individual defendant, and also dismissed appellant's counts II and III charging misappropriation of business opportunity and breach of fiduciary duty. (J.A. 67).