**C. David JARA, et al., Appellants,**

v.

**BUCKBEE–MEARS COMPANY, ST. PAUL, A UNIT OF BMC INDUSTRIES, INC., Respondent.**

**No. CX–90–2310.**

Court of Appeals of Minnesota.

May 21, 1991.

Review Denied Aug. 2, 1991.

Stephen D. Gordon, Kathryn M. Engdahl, Gordon–Miller–O'Brien, Minneapolis, for appellants.

David R. Hols, Paulette Kane Flynn, Alec J. Beck, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Individual employees and their bargaining representative sued for misrepresentation and breach of contract after the employer declined to build a new plant. The employees and the union appeal the dismissal of their complaint for lack of subject matter jurisdiction. We affirm.

## FACTS

Since 1982, the Buckbee–Mears Company has negotiated various wage and benefit concessions from its employees and their bargaining representative (the union), promising in return to keep its St. Paul plant open if it achieved profitability. The union claims that concessions were made in exchange for Buckbee–Mears' additional promise to build a new plant, but the parties' two bargaining agreements since 1982, both of which contained integration clauses limiting their agreement to the contract's express terms, do not contain a promise to build a new plant. In October 1987, the union sued Buckbee–Mears for fraud, negligent misrepresentation, unjust enrichment and breach of contract.

The trial court stayed the union's suit pending an arbitrator's decision on the breach of contract claim. In January 1990, the arbitrator held that because the union alleged no breach of the agreement's express terms, she had no jurisdiction to resolve the dispute. The trial court granted Buckbee–Mears' motion to dismiss for lack of subject matter jurisdiction, concluding that the union's claims arguably involved unfair labor practices and that jurisdiction was preempted under federal labor law.

## ISSUES

1. Are the union's misrepresentation claims preempted by the National Labor Relations Board's primary jurisdiction?

2. Has the union asserted cognizable contract or quasi-contract claims under section 301 of the Labor Management Relations Act?

## ANALYSIS

### I

When an activity is arguably subject to section 7 or 8 of the National Labor Relations Act (NLRA), both the state and federal courts must defer to the exclusive competence of the National Labor Relations Board (NLRB) to avoid the danger of state interference with national policy. *See San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959). The party asserting preemption must show that the alleged activity is arguably protected or prohibited by the NLRA and that the NLRB reasonably could uphold the party's claim. *See International Longshoremen's Ass'n v. Davis,* 476 U.S. 380, 395, 106 S.Ct. 1904, 1914, 90 L.Ed.2d 389 (1986).

Section 8(d) of the NLRA requires employers to bargain in good faith on "wages, hours and other terms and conditions of employment." 29 U.S.C. § 158(d) (1989). The building of a new plant appears to lie at the "core of entrepreneurial control," and would not likely be considered a mandatory subject of bargaining. *See Ford Motor Co. v. N.L.R.B.,* 441 U.S. 488, 498, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979) (employers are not obligated to bargain over matters exclusively managerial in nature).

However, the duty to bargain in good faith includes the obligation to provide adequate and honest information during negotiations. *See Wells v. General Motors Corp.,* 881 F.2d 166, 169 n. 3 (5th Cir.1989) (citing *N.L.R.B. v. Truitt Mfg. Co.,* 351 U.S. 149, 152, 76 S.Ct. 753, 755, 100 L.Ed. 1027 (1956)), *cert. denied,* — U.S. ——, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990). When an employer fraudulently induces concessions during bargaining negotiations, its conduct arguably constitutes an unfair labor practice, over which the NLRB has primary jurisdiction. *See Serrano v. Jones & Laughlin Steel Co.,* 790 F.2d 1279, 1287 (6th Cir.1986); *see generally Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,* 436 U.S. 180, 199 n. 29, 98 S.Ct. 1745, 1758 n. 29, 56 L.Ed.2d 209 (1978) ("primary jurisdiction" refers to the policy of preempting state court jurisdiction over activities subject to the unfair labor practice jurisdiction of the NLRB).

The union asserts state court jurisdiction based on its theory that to obtain wage and benefit concessions, Buckbee–Mears fraudulently misled it during negotiations about benefits to be received, including the opening of a new plant. This claim has at its center the question of the company's good faith in bargaining and the adverse impact of the company's alleged fraud on the parties' negotiations. We recognize our limited authority to regulate federally protected or prohibited conduct when the conduct is of only peripheral concern to the NLRA or touches interests deeply rooted in local law, *see Belknap, Inc. v. Hale,* 463 U.S. 491, 497, 103 S.Ct. 3172, 3177, 77 L.Ed.2d 798 (1983), but we find the union's claims on the failure to build a new plant to be inextricably tied to Buckbee–Mears' good-faith bargaining duty. Minnesota's interest in remedying fraud notwithstanding, the substance of the dispute is the same under state and federal law and our law must yield to the jurisdiction of the NLRB. *See Parker v. Connors Steel Co.,* 855 F.2d 1510, 1518 (11th Cir.1988), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989).

### II

The union sued under section 301 of the Labor Management Relations Act (LMRA) for breach of contract, promissory estoppel, and breach of an implied covenant of good faith and fair dealing. Section 301 grants concurrent jurisdiction to state and federal courts over suits for breach of labor agreements, even when the challenged conduct would arguably constitute an unfair labor practice. *See* 29 U.S.C. § 185(a) (1989); *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of America v. Lockridge,* 403 U.S. 274, 298, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971). Federal common law governs the interpretation of bargaining agreements in such suits. *See Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Amer-*

*ica v. Lucas Flour Co.*, 369 U.S. 95, 104, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962).

To fall within section 301, the union's claims must be founded directly on rights created by its bargaining agreement with Buckbee–Mears or be substantially dependent on analysis of the agreement. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987). The union's breach of contract claim alleges a proper jurisdictional basis under section 301, but that basis is unsupported by the contract's express terms.

■ The promissory estoppel claim also fails, on these facts, to assert a viable section 301 claim. Although federal courts have applied estoppel principles under section 301, *see Hass v. Darigold Dairy Products, Co.*, 751 F.2d 1096 (9th Cir.1985), the parol evidence rule bars the union's extrinsic evidence of oral promises made during negotiations for the parties' written bargaining agreement. *See Abbington v. Dayton Malleable, Inc.*, 561 F.Supp. 1290, 1296 n. 17 (S.D.Ohio 1983), *aff'd mem.* 738 F.2d 438 (6th Cir.1984); *see also Jansen v. Herman*, 304 Minn. 572, 575, 230 N.W.2d 460, 463 (1975) (oral evidence of discussions, negotiations, or understandings is not admissible to vary or to contradict terms of an unambiguous and integrated contract). The parties' bargaining agreement is clear and complete. The law does not permit the union, through a promissory estoppel claim, to rely on evidence of oral agreements to alter its contract. *See Abbington*, 561 F.Supp. at 1296 n. 17.

■ We also affirm the dismissal of the final claim for breach of an implied covenant of good faith and fair dealing. Minnesota courts have consistently declined to read this covenant into written employment contracts. *See Hunt v. IBM Mid America Employees Fed. Credit Union*, 384 N.W.2d 853, 858 (Minn.1986). Although some federal courts have implied such a covenant into labor agreements, it is typically limited to preserving a party's right to receive "the fruits of the contract." *See United Steelworkers of America (AFL–CIO) v. New Park Mining Co.*, 273 F.2d 352, 357 (10th Cir.1959); *see also Jeffers v. Convoy Co.*, 636 F.Supp. 1337, 1344–45 (D.Minn.1986) (refusing to recognize implied covenant in contract of employee covered by labor agreement).

These contract and quasi-contract claims essentially restate the initial misrepresentation claims. Allowing an action under section 301, despite the absence of a basis in the parties' agreement, would not only exceed the section's jurisdictional grant but also circumvent the preemption principles of *Garmon.*

## DECISION

The union's misrepresentation claims arguably constitute an unfair labor practice, the resolution of which is left to the primary jurisdiction of the NLRB. Because its contractual claims also fail to establish a proper jurisdictional basis for suit under section 301 of the LMRA, we affirm the trial court's dismissal of its complaint.

Affirmed.

CRIPPEN, Judge (concurring specially).

Appellants have identified significant propositions of law to support state court jurisdiction to hear their stated causes of action. We must affirm the trial court's summary judgment given the facts pleaded by appellants, but we do not diminish the propositions of law cited on their behalf.

1. When an employer fraudulently induces concessions in a collective bargaining agreement, a fraud cause of action in a state court may be preempted by NLRB jurisdiction. There is preemption in the circumstances here, but this is not always the case.

The nondisclosure of a fact related to a purely managerial decision is not actionable under the NLRA even if the nondisclosure is a critical element in reaching a collective bargaining agreement. *Wells v. General Motors Corp.*, 881 F.2d 166, 172 (5th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990).[1] The doc-

---

**1.** Respondent attempts to distinguish *Wells* by observing that the *Wells* inducement was not an

trine of *Wells* is important, but it cannot be applied here. Although a decision whether to close a plant is a managerial decision, a nondisclosure of closing plans is actionable under the NLRA because it implicates the duty to bargain in good faith about the effects of the closing. *See Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279, 1286–87 (6th Cir.1986).

Here, respondent promised to build new facilities if appellants granted major concessions. If respondent failed to disclose its intent not to build a new facility, this nondisclosure was tantamount to nondisclosure of a decision to close. As indicated by the concessions given, a decision against building, like a decision to close, meant that job security would be seriously threatened. Under *Serrano*, the effects of a plant closing must be bargained for in good faith. This nondisclosure thus falls under NLRB jurisdiction.

Although it is necessary to distinguish the *Wells* decision in the circumstances here, this does not minimize its importance. It is also significant, as appellants note, that *Wells* was decided three years after *International Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986). The *Wells* court followed the Supreme Court's mandate in *Davis* that preemption should only be found where the NLRB could reasonably be expected to accept jurisdiction. *Davis*, 476 U.S. at 395, 106 S.Ct. at 1914. *Davis* narrowed the previous preemption analysis which merely required that the court find that the NLRB would "arguably" have jurisdiction. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959). Because *Wells* was decided under the narrower *Davis* rule, its preemption analysis is unusually significant. As *Wells* demonstrates, some fraud claims related to workers' concessions are actionable in state court proceedings.

2. Concurrent jurisdiction of state and federal courts in section 301 cases is an avenue for seeking relief independent of NLRB preemption law. *See United Steelworkers Local No. 4264 v. New Park Mining Co.*, 273 F.2d 352, 358 (10th Cir.1959).

As the majority indicates, topics giving rise to a section 301 action are commonly addressed in a general collective bargaining agreement. *See, e.g., Hass v. Darigold Dairy Products Co.*, 751 F.2d 1096, 1101–02 (9th Cir.1985) (promissory estoppel). However, section 301 also governs a provable labor management agreement made separately from the primary collective bargaining agreement. *See Retail Clerks Int'l. Ass'n v. Lion Dry Goods, Inc.*, 369 U.S. 17, 28, 82 S.Ct. 541, 548, 7 L.Ed.2d 503 (1962); *Frech v. Pensacola S.S. Ass'n*, 903 F.2d 1471, 1475 (11th Cir.1990).

An action may be brought on the separate promise for a breach of contract, or if no otherwise lawful contract is established, for promissory estoppel. *See Local No. 1330, United Steel Workers v. United States Steel Corp.*, 631 F.2d 1264, 1269–70 (6th Cir.1980). Breach of a labor relations promise may also give rise to an action for breach of the implied covenant of good faith and fair dealing commonly found in labor management agreements. *See United Steelworkers Local No. 4264*, 273 F.2d at 356; *cf. Wild v. Rarig*, 302 Minn. 419, 441, 234 N.W.2d 775, 790 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976) (covenant not implied for individual employment contract).

Here, appellants pleaded breach of contract and unjust enrichment. The latter pleading was adequate to permit proof of promissory estoppel or breach of the implied covenant of good faith and fair dealing. *See In re Stevenson Assocs., Inc.*, 777 F.2d 415, 421 (8th Cir.1985) (proof of unjust enrichment by showing that a benefit was incurred and knowingly accepted under such circumstances that would make it unjust to permit its retention without payment). *Frech*, 903 F.2d at 1476 (estoppel law the fruit of simple concerns for just results). However, all of appellants' possi-

---

inducement to enter into a collective bargaining agreement, but rather an inducement to enter into individual severance agreements. *See*

*Wells*, 881 F.2d at 171. As the *Wells* court observed, this is a "relevant consideration," however, it is "not dispositive." *Id.*

ble causes of action founded on an independent promise (breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing) rest solely on an alleged oral promise made during negotiations for a collective bargaining agreement. Because the parties' later collective bargaining agreement was fully integrated, evidence of the previous oral promise would be barred. Given the same promise and concessions, but without a new collective bargaining agreement addressing only the concessions, the facts would likely give rise to valid causes of action under section 301.

In sum, appellants have properly identified vital state court jurisdiction over causes of action for fraud and for contract claims under section 301. I agree with the majority, however, that the facts here do not permit either form of state court jurisdiction.