David E. MOLLICO, Respondent,

v.

Evelyn L. MOLLICO, Respondent,

Scott Lucia, Respondent–Appellant,

Peggy A. Nelson, f/k/a Peggy A. Scheall, et al., Defendants,

Phyllis R. Bazso, a/k/a Phyllis L. Bazso, Respondent,

and

Evelyn Mollico, third-party plaintiff, Respondent,

v.

Richard D. Kolu, third-party defendant, Appellant.

Nos. C6–00–1870, C2–00–1963.

Court of Appeals of Minnesota.

June 19, 2001.

## OPINION

CRIPPEN, Judge

Appellants Richard Kolu and Scott Lucia challenge the trial court's summary judgment ruling that a written delivery instruction, attached to a quitclaim deed executed by owners Evelyn Mollico and her now-deceased husband, is unambiguous as a matter of law and served to immediately convey the owners' interest in their property. More particularly, appellants contend that the trial court erred by refusing to admit extrinsic evidence to show that the owners intended to retain the power to revoke the delivery. Because the parol evidence rule compels the trial court's decision, we affirm.

## FACTS

Respondent David Mollico asserts an undivided one-third fee interest in a 120–acre St. Louis County site based upon a quitclaim deed and a written delivery instruction executed in 1993 by Evelyn Mollico and her husband, Roxie Mollico. Appellant Scott Lucia also asserts a fee interest in the parcel, purportedly conveyed by a warranty deed executed in 1998 by Evelyn.

In early 1993, Evelyn and Roxie retained the estate-planning services of appellant Richard Kolu, an attorney. Kolu prepared a quitclaim deed with a written delivery declaration. The quitclaim deed purported to convey the Mollicos' fee interests in the parcel to grantees David Mollico and his sisters, Peggy Scheall[1] and Phyllis Bazso, subject to life-estate interests retained by the elder Mollicos. Evelyn and Roxie signed the deed and the declaration and gave the documents to Kolu, who retained the original copies.

Harold A. Frederick, Joseph M. Fischer, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, MN, (for respondent David Mollico).

Larry Stauber, Jr., Stauber & Lien, Duluth, MN, (for respondent Evelyn Mollico).

Richard A. Nelson, Duluth, MN, (for respondent Lucia).

Jeffrey C. Paulson, Hammargren, Meyer & Paulson, P.A., Minneapolis, MN, (for appellant Lucia).

Phyllis R. Bazso, El Cagon, CA, (pro se respondent).

Michael E. Orman, Orman & Nord Law Offices, Duluth, MN, (for third-party plaintiff/respondent Evelyn Mollico).

John D. Kelly, Robin C. Merritt, Hanft Fride, P.A., Duluth, MN, (for appellant Kolu).

Considered and decided by HANSON, Presiding Judge, TOUSSAINT, Chief Judge, and CRIPPEN, Judge.

---

1. Peggy Scheall has since changed her name to Peggy Nelson.

The declaration attached to the deed states in full:

> The attached instrument is hereby unconditionally delivered to you as agent for the Grantees to be filed of record at such time as you deem appropriate, including your Law Office being notified we have both died.

Evelyn sent copies of the documents to the grantees.

Roxie died two years later. In 1998, Evelyn decided to sell the parcel and asked Kolu to cancel the 1993 transaction, which he presumably attempted to do. Evelyn listed the property for sale, accepted Lucia's purchase offer, and executed a purchase agreement with Lucia.

David opposed the sale of the property to Lucia. He sent a letter to Lucia and Kolu stating that Evelyn had conveyed her fee interest in the 1993 deed and that any interest received from her would be a life-estate interest. In spite of respondent's adverse claim against the disputed parcel, Evelyn executed and delivered a warranty deed to Lucia, which was recorded the next day.

David subsequently filed a lawsuit against Evelyn, Lucia, Peggy, and Phyllis, seeking a declaratory judgment that he and his sisters are the fee owners of the parcel. Lucia cross-claimed against Evelyn to require her to defend the title ostensibly conveyed by the warranty deed. Kolu was joined as a third-party defendant after Evelyn brought a separate malpractice claim against him.

The trial court granted David's motion for partial summary judgment, concluding that the written delivery declaration is unambiguous as a matter of law and that, as a result, extrinsic evidence of the Mollicos' intent was inadmissible. The court found that the declaration served to immediately effectuate the deed's conveyance of the

grantors' interest to their three children. Kolu and Lucia filed separate notices of appeal from the judgment. This court consolidated the appeals.

## ISSUE

Did the trial court err in its application of the parol evidence rule?

## ANALYSIS

On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). This court views "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

The application of the parol evidence rule is a question of law subject to de novo review. *See Anchor Cas. Co. v. Bird Island Produce, Inc.,* 249 Minn. 137, 145, 82 N.W.2d 48, 54 (1957) (stating the parol evidence rule is a matter of substantive law, not a rule of evidence). The rule generally prohibits the admission of extrinsic evidence to alter or contradict the terms of a written instrument. *Hruska v. Chandler Assocs., Inc.,* 372 N.W.2d 709, 713 (Minn.1985).

Claiming an exception to the rule, appellants contend that parol evidence is admissible to show that Evelyn and Roxie intended to retain the right to revoke the delivery of the 1993 quitclaim deed.

### 1. Ambiguity

The delivery of a deed is effective if the grantor manifests a clear intention "to part presently and unconditionally with all control" over the deed. *Barnard v. Thurston,* 86 Minn. 343, 347, 90 N.W. 574, 576 (1902). When the terms of a

written instrument are ambiguous, parol evidence is admissible. *Nord v. Herreid,* 305 N.W.2d 337, 340 (Minn.1981). "Where * * * the intent of the parties is totally ascertainable from the writing, construction is for the court." *Hunt v. IBM Mid Am. Employees Fed. Credit Union,* 384 N.W.2d 853, 856 (Minn.1986) (citation omitted).

■■ Appellants claim that the written delivery declaration did not manifest the clear intention necessary to effectuate delivery of the quitclaim deed because the instruction is ambiguous as to the Mollicos' intent. A writing is ambiguous if, judged by its language alone and without resort to extrinsic evidence, it is reasonably susceptible to more than one meaning. *Art Goebel, Inc. v. North Suburban Agencies, Inc.,* 567 N.W.2d 511, 515 (Minn.1997). The determination of whether a written instrument is ambiguous is a question of law subject to de novo review. *Id.*

■ Appellants contend that this instruction is ambiguous for several reasons. First, they argue that "unconditionally delivered" could be read to mean that the Mollicos physically deposited the deed with Kolu and provided him with unconditional authority to carry out the instructions so that the phrase does not refer to the delivery of the deed but instead establishes the boundaries of Kolu's discretion to act. Second, they claim that "filed of record" could refer to the delivery of the deed, not to its recording. Finally, appellants suggest that the "including" clause (permitting recording when Kolu's office was notified that both grantors had died) could be read to limit the conditions under which Kolu could deliver the deed, showing that delivery was not intended to be immediate. There is no merit in these assertions. The instruction is clear and unambiguous, and to read its language as appellants urge would distort its plain meaning.

The instruction means precisely what it states: the delivery was declared to a person named "as agent for the Grantees," was expressly said to be "unconditional," and the owners stated the agent's authority to record the deed at any time he deemed appropriate. The deed was not merely placed or deposited, as appellants would have it, but was "delivered" to an agent of the grantees. The delivery was labeled as unconditional, not dependent upon filing. The document stated an occasion for filing that is included, but it suggests as well that other such occasions are unstated and it precludes none of them. Nothing in the document states or implies that the grantors retained some right to revoke or recall the deed. We conclude, as did the trial court, that the instruction unambiguously manifested the grantors' intention to part presently and unconditionally with all control over the 1993 quitclaim deed.

■ Appellants argue that this interpretation renders the instruction superfluous, doing nothing that the Mollicos could not have done by simply recording the deed or delivering it to the grantees. But the Mollicos did not deliver the deed to the grantees; therefore, the instruction serves to clarify their intent. Moreover, the instrument satisfies the demands of the law for a surrender of title to the grantees, whether or not the grantors harbored some contrary expectation. A delivery accompanied by a written declaration that the delivery is unconditional establishes without ambiguity that the grantors intended to deliver their deed. Physical delivery or even the recording of the deed may not constitute a conveyance, but the transaction occurs when the grantors evince an intention, presently and unconditionally, to part with their ownership. *See Slawik v. Loseth,* 207 Minn. 137, 139, 290 N.W. 228, 229 (1940) (stating grantor must

evince intent to convey title); *Exsted v. Exsted*, 202 Minn. 521, 525, 279 N.W. 554, 558 (1938) (same). The grantors accomplished their declared aim to pass title to their children, perhaps to circumvent the need for probate court proceedings in the event of their deaths. Appellants have provided no authority for the proposition that the grantors could achieve this result and maintain at the same time their ongoing privileges of ownership.

## 2. Subsequent conduct

 Appellants contend that evidence of the Mollicos' conduct after the execution of the deed and instructions is admissible under the subsequent-conduct exception to the parol evidence rule. Parol evidence is admissible to show a subsequent modification of an original contract. *Nord*, 305 N.W.2d at 339–40; *see also In re Estate of Giguere*, 366 N.W.2d 345, 347 (Minn.App.1985) (allowing parol evidence to show a new agreement between the parties that delayed enforcement of a promissory note by giving time extension for payment). In this case, however, appellants do not wish to offer parol evidence to prove a subsequent modification, but to contradict the unambiguous terms of the original writing. Thus, the evidence is inadmissible.

## 3. Condition precedent

 Appellants argue that parol evidence is admissible to show that the Mollicos intended delivery of the quitclaim deed to occur only upon the condition of their deaths or other circumstances. Even when a written instrument is unconditional on its face, parol evidence is admissible to show that it is subject to a condition precedent. *Nord*, 305 N.W.2d at 339; *Jansen v. Herman*, 304 Minn. 572, 575, 230 N.W.2d 460, 463 (1975); *Craigmile v. Sorenson*, 239 Minn. 383, 394, 58 N.W.2d 865, 871 (1953).

In each of these cases, parol evidence was admissible respecting a document that declared an unconditional obligation but was silent as to a matter that was later the subject of a disputed claim; that is, that the agreement was subject to an oral condition precedent. But none of these cases suggest that parol evidence is admissible to contradict that which is stated in an agreement, such as in this instance, where conveyance was completed through the unconditional delivery of a deed. In *Nord*, for example, the Minnesota Supreme Court allowed parol evidence on the issue of whether a lessee was responsible for obtaining an occupancy permit, a point upon which the lease was silent. 305 N.W.2d at 339. Similarly, the court in *Jansen* permitted parol evidence when a contract did not state whether a broker's commission was contingent upon the closing of a real estate transaction. 304 Minn. at 575–76, 230 N.W.2d at 463–64. Likewise in *Craigmile*, the supreme court affirmed the trial court's consideration of oral testimony regarding negotiations before the parties executed a contract for deed where the contract was silent on whether a down payment was a condition precedent to its formation. 239 Minn. at 393–96, 58 N.W.2d at 871–72.

Unlike the instruments in *Nord*, *Jansen*, and *Craigmile*, the instrument here is not silent about the alleged condition precedent. The document addresses the Mollicos' deaths and states that notification of death is but one of the appropriate times when the agent, in his discretion, might elect to record the already-delivered deed. The issue in this case is whether the deed was intentionally delivered. Because the instruction expressly addresses that issue and unambiguously states that delivery was without any conditions, there is no

room for the admission of parol evidence. *See City of St. Paul v. Dahlby*, 266 Minn. 304, 314, 123 N.W.2d 586, 592 (1963) (stating parol evidence is not admissible to show that a written instrument was executed with an understanding that· it was not to be binding according to its terms).

## DECISION

Because no exceptions to the parol evidence rule are applicable in this case, the trial court properly refused to admit oral evidence of the Mollicos' intention to retain the right to revoke the delivery of the 1993 quitclaim deed.

**Affirmed.**