MARINE CREDIT UNION, Appellant,

v.

Anne K. DETLEFSON–DELANO,
Respondent,

Jack Antonio, Respondent.

No. A11–1925.

Court of Appeals of Minnesota.

May 21, 2012.

Thomas Olson, Shaun D. Redford, Olson & Lucas, P.A., Edina, MN, for appellant.

Dwight Luhmann, David A. Joerg, P.A., Preston, MN, for respondent Detlefson–Delano.

Considered and decided by STONEBURNER, Presiding Judge; HUDSON, Judge; and COLLINS, Judge.*

---

## OPINION

STONEBURNER, Judge.

Appellant mortgagee challenges dismissal of its mortgage-foreclosure action due to lack of respondent mortgagor's husband's signature on the mortgage. Because mortgagor's husband validly conveyed, without limitation, all interest he had in the property before mortgagor signed the mortgage, the district court erred by concluding that husband's signature was required on the mortgage, and we reverse.

## FACTS

The facts in this case are not in dispute. In a dissolution-of-marriage action in 2003 or 2004, respondent Anne K. Detlefson–Delano (wife) was awarded all interest in property in Harmony that she and her ex-husband had occupied as a homestead. Wife married Jack Antonio (husband) in October 2005, and they occupied the property as their homestead. The homestead is described as Lot 2 and the South ½ of Lot 3 Block 1, Harmony, Minnesota.

In 2007, in connection with an attempt to sell the homestead and a separate parcel of real estate that had been awarded to wife in the decree of dissolution, wife obtained a quitclaim deed from her ex-husband covering both properties. Because husband was an over-the-road trucker who was frequently gone from the property, wife also obtained a quitclaim deed from husband dated July 24, 2007, conveying all of husband's interest in the homestead to wife. Wife recorded both the quitclaim deed from her ex-husband and the quitclaim deed from husband on July 25, 2007.

The record does not explain why the homestead was not sold. On January 18, 2008, wife obtained an $84,000 loan from appellant Marine Credit Union, secured by a mortgage on the homestead. The mortgage is signed only by wife. Marine Cred-

it knew that wife was married at the time she granted the mortgage, but, based on her representations that husband was unavailable to sign and had conveyed his interest in the property to her by quitclaim deed, Marine Credit did not require husband's signature on the mortgage. Husband and wife subsequently separated. Wife has not heard from husband in several years.

Wife defaulted on the note and mortgage in October 2009. Marine Credit initiated this foreclosure action. Wife answered and counterclaimed, seeking a determination that the mortgage is void for lack of husband's signature. Marine Credit moved for summary judgment, asserting that the mortgage is valid with only wife's signature because husband had quitclaimed all interest in the homestead to wife. Marine Credit also asserted that wife should be equitably estopped from challenging the validity of the mortgage.

The district court concluded that Marine Credit failed to establish equitable estoppel, and, based on its finding that husband quitclaimed his interest in the homestead to wife after wife signed the mortgage, concluded that the mortgage is void due to lack of husband's signature. The district court also found that the quitclaim deed was valid only for the limited purpose of sale of the homestead. In this appeal, Marine Credit challenges the district court's holding that the mortgage is void.

## ISSUES

I. Did the district court clearly err in finding that husband's quitclaim deed to the homestead was executed after wife granted a mortgage on the homestead to Marine Credit?

II. When a spouse quitclaims all interest in a homestead to his or her spouse, is

a subsequent mortgage signed only by the grantee spouse valid?

## ANALYSIS

### I. The district court's finding that husband quitclaimed his interest in the homestead to wife after wife mortgaged the property is clearly erroneous.

Although ruling on a summary-judgment motion, the district court made findings of fact. The finding that husband's quitclaim deed, conveying all of his interest in the homestead to wife, was executed *after* wife granted a mortgage on the homestead to Marine Credit is not supported by the record and is clearly erroneous. The record does not reveal what led to this erroneous finding or why the district court failed to correct the finding in response to posttrial motions. The record conclusively shows that (1) husband quitclaimed all of his interest in the homestead to wife on July 24, 2007; (2) wife recorded the quitclaim deed on July 25, 2007; and (3) wife signed the mortgage in favor of Marine Credit on January 18, 2008. The district court's error is unfortunate because the error shifted the focus of the district court's analysis to Marine Credit's estoppel argument, rather than a legal analysis of the effect of the quitclaim deed on the validity of the mortgage.[1]

### II. Because husband had previously quitclaimed all interest in the property to wife, only wife's signature was necessary to create a valid mortgage on the homestead.

#### A. Standard of review

On appeal from summary judgment, we review the record to determine whether there are any genuine issues of fact and whether the district court erred in applying the law. *Dahlin v. Kroening,* 796 N.W.2d 503, 504–05 (Minn.2011). "When the district court grants a summary judgment based on its application of statutory language to the undisputed facts of a case, ... its conclusion is one of law and our review is de novo." *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn. 1998). Construction of a statute is also a question of law, reviewed de novo. *Lee v. Lee,* 775 N.W.2d 631, 637 (Minn.2009).

#### B. Statutory construction

■ In this case, the district court relied on Minn.Stat. § 507.02 (2010) to hold that, absent the signatures of both spouses, a conveyance of a homestead, including a mortgage, is void. But the district court ignored the exception in Minn.Stat. § 507.02 for "a conveyance between spouses pursuant to section 500.19, subdivision 4." We conclude that the validity of Marine Credit's mortgage is determined by analysis of the interplay between sections 500.19, subd. 4 and 507.02.

Our goal when interpreting statutory provisions is to ascertain and effectuate the intention of the legislature. "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language. If a statute is ambiguous, we apply other cannons of construction to discern the legislature's intent." *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010) (quotation and citations omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignifi-

---

1. On appeal, Marine Credit does not challenge the district court's holding that it failed to establish equitable estoppel.

cant.' " *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quoting *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999)). "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

Minn.Stat. § 500.19, subd. 4 (2010) provides:

(a) Subject to section 507.02 specifying when both spouses must join in a conveyance of their homestead, one or more owners of an interest in real estate may convey all or part of the interest directly to one or more other persons or to one or more of themselves, or to any combination of one or more of themselves and other persons.

(b) Subject to section 507.02 specifying when both spouses must join in a conveyance of their homestead, conveyances between spouses are allowed under paragraph (a) to the same extent as those between unmarried persons.

Minn.Stat. § 507.02 provides, in relevant part: "If the owner is married, no conveyance of the homestead, *except ... a conveyance between spouses pursuant to section 500.19, subdivision 4 ...* shall be valid without the signatures of both spouses...." (emphasis added).

■■ Neither statute is ambiguous. Minn.Stat. § 500.19, subd. 4, permits a spouse to transfer his or her interest in a homestead to the other spouse by conveyance signed only by the grantor spouse. Despite wife's assertion that husband's quitclaim deed was for the limited purpose of allowing a sale (rather than a mortgage) of the homestead without husband's signature, the quitclaim deed signed by husband does not contain any limitation or reservation: on its face, it is a complete transfer of all of husband's interest in the homestead to wife. *See* Minn.Stat. § 507.06

(2010) ("A deed of quitclaim and release shall be sufficient to pass all the estate which the grantor could convey by a deed of bargain and sale."); *Danielson v. Danielson,* 721 N.W.2d 335, 338–39 (Minn.App. 2006) (rejecting a claim that a quitclaim-deed grantor intended to retain an ownership interest in the property conveyed). To the extent that the district court relied on wife's statement that the quitclaim deed was for the limited purpose of a sale, the district court improperly relied on parol evidence to alter an unambiguous deed. "The general rule is that where the terms of a contract are clear and unambiguous, parol evidence will not be allowed to alter the terms of that contract." *Norwest Bank Minn., N.A. v. Midwestern Mach. Co.,* 481 N.W.2d 875, 881 (Minn.App.1992) (citing *Mrozik Constr., Inc. v. Lovering Assocs., Inc.,* 461 N.W.2d 49, 52 (Minn. App.1990)), *review denied* (Minn. May 15, 1992). "Despite being primarily a rule of contract interpretation, the rule's prohibition on the use of extrinsic evidence to explain the meaning of a document's language applies to deeds." *Danielson,* 721 N.W.2d at 338 (citing *La Cook Farm Land Co. v. N. Lumber Co.,* 159 Minn. 523, 527, 200 N.W. 801, 802 (1924) (stating that the rules for construing contracts apply to deeds) and *Mollico v. Mollico,* 628 N.W.2d 637, 640–41 (Minn.App.2001) (applying the parol evidence rule to a deed)).

■■■ Only if a deed is ambiguous can evidence other than its language be considered to determine its meaning, and a deed is ambiguous only if, "judged by its language alone and without resort to extrinsic evidence, it is reasonably susceptible to more than one meaning." *Id.* Whether a deed is ambiguous is a question of law subject to de novo review. *Id.* The district court did not find that the quitclaim deed is ambiguous, and we conclude as a matter of law that it is not ambiguous. Under

Minn.Stat. § 500.19, subd. 4, husband's quitclaim deed to wife was a valid, unlimited transfer of all of his interest in the homestead to wife, and, as a result, husband's signature was not required on the subsequent mortgage. The district court erred as a matter of law by concluding that the mortgage in this case is invalid under Minn.Stat. § 507.02.

Wife argues that to allow her to mortgage the homestead without husband's signature is contrary to public policy, citing caselaw explaining that the requirement of the signature of both spouses on a conveyance of a homestead evidences the basic policy objective of "protecting the alienation of the homestead without the willing signatures of both spouses." *Wells Fargo Home Mortg., Inc. v. Newton,* 646 N.W.2d 888, 895 (Minn.App.2002) (quoting *Dvorak v. Maring,* 285 N.W.2d 675, 677–78 (Minn. 1979)). But there is no evidence in this case that husband did not willingly sign the quitclaim deed, and the quitclaim deed is evidence of his agreement to alienation of the homestead without his signature.

## DECISION

Because, under Minn.Stat. § 500.19, subd. 4, and Minn.Stat. § 507.02, husband validly quitclaimed all interest he had in the homestead to wife prior to wife's granting a mortgage to Marine Credit, only wife's signature was required on the mortgage. The district court erred by holding that the mortgage was invalid due to lack of husband's signature.

**Reversed.**