**COMMISSIONER OF REVENUE, Respondent,**

v.

**SAFCO PRODUCTS COMPANY, Relator.**

No. 47593.

Supreme Court of Minnesota.

May 12, 1978.

---

Karlins, Grossman, Karlins, Siegel & Brill and Thomas Goodman, Minneapolis, for relator.

Warren Spannaus, Atty. Gen., James W. Neher, Sp. Asst., Dept. of Revenue, St. Paul, for respondent.

Heard before ROGOSHESKE, PETERSON, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Relator, Safco Products Company ("Safco"), seeks review by certiorari of the decision of the Tax Court confirming the commissioner of revenue's assessment of $3,544.42 delinquent sales and use taxes, interest, and penalties,[1] on purchases of commercial art work. We affirm in part, reverse in part.

The facts have been stipulated by the parties. Safco is a Minnesota corporation in the business of selling office equipment and related items to retailers. To advertise its products, Safco purchases brochures, catalogues, and price lists from a printer. During the period August 1, 1967, through December 31, 1970, Safco commissioned and purchased art work to be used in the production of these advertising materials. The art work was supplied to Safco's printer, who used the material to prepare printing plates then discarded it.

Some of the printed materials making use of the art work are sold to Safco's customers, and the rest are distributed at no cost.

---

1. Minn.St. 271.10 provides for review of any final order of the Tax Court, upon certiorari by this court.

Of the materials distributed at no cost, 2.3 percent are mailed to prospective customers located within the State of Minnesota, and 97.7 percent are mailed to prospective customers located outside the state. Safco paid no tax on its purchase of the art work during the taxable periods in question.

The issue before us is whether Safco is liable for sales and use taxes on purchases of art work which it supplied without charge to a printer for use in the production of advertising material which was then sold to Safco and distributed without charge, 2.3 percent in state and 97.7 percent out of state.

Two exemptions under the sales tax law, Minn.St.1971, §§ 297A.25, subd. 1(h), and 297A.25, subd. 1(d), must be considered in assessing Safco's liability.

Safco contends that this court's decision in *Midwestern Press, Inc. v. Commr. of Taxation,* 295 Minn. 59, 203 N.W.2d 344 (1972), supports its claim for literal application of § 297A.25, subd. 1(h), which provides in part:

> "The following are specifically exempted from [sales or use] taxes * * *:
>
> * * * * * *
>
> "(h) The gross receipts from the sale of and the storage, use, or consumption of all materials * * * used or consumed in agricultural or industrial production of personal property intended to be sold ultimately at retail, whether or not the item so used becomes an ingredient or constituent part of the property produced. Such production shall include * * * printing * * *."

Safco's confidence is misplaced. In *Midwestern Press,* we affirmed the decision of the Tax Court and held that a printer's purchases of lithographic plates, pursuant to customer specifications, were entitled to the sales-and-use-tax exemption of § 297A.25, subd. 1(h), above. In so holding, we pointed out that the cost of the lithographic plates was added to the customer's total bill for the finished printing job, on which sales tax was collected. 295 Minn. 61, 203 N.W.2d 345. The result is consistent

with the purpose of the exemption, to avoid "tax on a tax" situations by postponing imposition of all sales taxes until the final sale of the finished product. In contrast, here Safco avoids sales and use tax entirely, since the art work is supplied without charge to the printer, who, in turn, does not include the cost of the art work in the bill.

■ Under proper circumstances, this court will disregard a transaction's form to examine its economic substance. *Transport Leasing Corp. v. State,* 294 Minn. 134, 199 N.W.2d 817 (1972). We do not doubt that Safco had legitimate business reasons for arranging the transaction differently than the arrangement in *Midwestern Printing, Inc. v. Commr. of Taxation, supra;* however, we decline to reach a different final result. Accordingly, we agree with the Tax Court that Safco is not entitled to a sales-and-use-tax exemption under § 297A.25, subd. 1(h), inasmuch as the value of the art work is not included in the final taxable cost of the printed material.

■ We do hold, however, that the judicially restructured transaction, which for tax purposes includes the value of the art work in the final printed product cost, properly permits application of the exemption contained in § 297A.25, subd. 1(d), to "gross receipts from the sale of tangible personal property, the ultimate destination of which is outside the state of Minnesota." Here, 97.7 percent of the distributed promotional material was mailed to out-of-state customers; Safco was permitted to exempt 97.7 percent of appropriate printer's bills. Consistent with our earlier discussion, we believe that the art work is a part of finished-product cost and equally eligible for a proportionate exemption. We, therefore, direct the Tax Court to disallow Safco's claimed exemption under § 297A.25, subd. 1(h), for the full cost of the art work, but to permit application of § 297A.25, subd. 1(d), to exempt 97.7 percent of the art work cost.

We believe that this result is consistent with the basic principles of our sales-and-use-tax laws and the economic realities of the transactions examined here. We have been assured to our satisfaction that this

procedure places no undue burden on the state or the taxpayer, permitting business flexibility in the form of the transactions but insuring a uniform tax result.

Affirmed in part, reversed in part.