**BLACK PHOTO U.S.A., INC., Respondent,**

v.

**COMMISSIONER OF REVENUE, Relator.**

No. C5–92–1120.

Supreme Court of Minnesota.

April 9, 1993.

Hubert H. Humphrey, III, Atty. Gen., James W. Neher, Special Asst. Atty. Gen., St. Paul, for relator.

Galen L. Bruer, Meagher & Geer, Minneapolis, and Philip Moilanen, Bullen, Moilanen, Klaasen & Swan, P.C., Jackson, for respondent.

TOMLJANOVICH, Justice.

This case arises from a motion for summary judgment which was granted to the respondent taxpayer. The Commissioner of Revenue ("Commissioner") appeals the tax court decision which held that the "store" envelopes are exempt from taxation under Minn.Stat. § 297A.25, subd. 9 (1992). Black Photo, U.S.A., Inc. ("Black's") appeals the imposition of taxes on the "mail-a-way" envelopes used outside of Minnesota, according to Minn.Stat. § 297A.25, subd. 5 (1992).

We affirm the tax court on both issues.

Black's is engaged in photofinishing, which is industrial production under Minn. Stat. § 297A.25, subd. 9. Black's purchased film envelopes in two different sizes for two different uses; the cost of these

envelopes is recovered by Black's upon the sale of the finished product to the customer. The smaller envelope is a "mail-a-way" envelope that customers can pick up to send in film from their homes. The larger envelope is the "store" envelope used for all processing brought to one of the many Black's locations.

When film is brought to a Black's location, it is inserted into a store envelope. Customer information and instructions for processing are written on the envelope;[1] this information is used to manage, control and direct the production process. After the processing is completed, the negatives and finished product are placed in the store envelope and returned to the customer.

When a customer mails in film in a mail-a-way envelope, the film and instructions are transferred to a store envelope and the mail-a-way envelope is discarded.

## I.

■ Minn.Stat. § 297A.25, subd. 9 (1992) allows an exemption from use tax for items that are purchased and then used or consumed in industrial production.

> The gross receipts from the sale of and the storage, use, or consumption of all materials * * * used or consumed in * * * industrial production of personal property intended to be sold ultimately at retail, whether or not the item so used becomes an ingredient or constituent part of the property produced are exempt [from sales and use taxes].

Minn.Stat. § 297A.25, subd. 9.

■ The design of the sales and use tax statute is to have a unitary tax which exempts intermediate transactions and imposes the tax only on sales when the finished product is purchased by the ultimate user.[2] See, Bituminous Roadways, Inc. v. Commissioner of Revenue, 324 N.W.2d 799, 801 (Minn.1982); Standard Packaging v. Commissioner of Revenue, 288 N.W.2d

234, 239 (Minn.1979); Commissioner of Revenue v. Safco Products, Co., 266 N.W.2d 875, 877 (Minn.1978).

The tax court agreed that the store envelopes are essential to the process of photofinishing. They serve no function or purpose other than their use in the production process, have little or no value to Black's other than that use, and the cost of the envelopes is included in the price of the finished product. See, Standard Packaging, 288 N.W.2d at 237–38; Midwestern Press, Inc. v. Commissioner of Taxation, 295 Minn. 59, 64, 203 N.W.2d 344, 347 (1972).

We conclude the store envelopes are consumed during the production process. The tax court correctly ruled that the store envelopes are exempt from sales and use tax.

## II.

■ Minn.Stat. § 297A.25, subd. 5 (1992) exempts personal property from sales and use tax to the extent the property is not taxed in their destination state.

> The gross receipts from the following sales of tangible personal property are exempt: (1) property which, without intermediate use, is shipped or transported outside Minnesota by the purchaser and thereafter used in a trade or business * * * and which is not thereafter returned to a point within Minnesota * * * provided that the property is not subject to tax in that state * * *.

Minn.Stat. § 297A.25, subd. 5.

Black's did not provide any facts to establish whether or not the mail-a-way envelopes used in states other than Minnesota are taxed in those states. Therefore, it has failed in its burden of proving an entitlement to a tax exemption. Worthington Dormitory, Inc. v. Commissioner of Reve-

---

1. Instructions such as: size of print, number of prints, prints from slides, type of finish, etc.

2. In order to prevent the pyramiding of taxes on the same commodity * * * when it is used in the manufacture of a more or less different character or commodity, the sales tax statutes usually contain a provision which * * * exempts the sale of such commodity from the sales tax in anticipation that the finished product * * * will, when ultimately sold, share its burden of the tax.
68 Am.Jr.2d Sales and Use Taxes § 112 (1973).

*nue,* 292 N.W.2d 276, 279 (Minn.1980) (citations omitted).

The tax court correctly ruled these envelopes are taxable, in the absence of evidence that the envelopes are not taxed in the destination state.

Affirmed.

COYNE, J., took no part in the consideration or decision of this case.