STATE OF MINNESOTA

IN SUPREME COURT

A14-0254

Tax Court                                                                                    Wright, J.

LumiData, Inc.,

                    Relator,

vs.                                                                            Filed:  September 10, 2014
                                                                               Office of Appellate Courts
Commissioner of Revenue,

                    Respondent.

_____

Mark A. Pridgeon, Edina, Minnesota, for relator.

Lori Swanson, Attorney General, Mark B. Levinger, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.      The taxpayer's software sales are taxable as "prewritten computer software" as defined in Minn. Stat. § 297A.61, subd. 17 (2012), because the taxpayer did not separately state its customization charges.

2.      Because the taxpayer did not establish "reasonable cause" under Minn. Stat. § 270C.34 (2012) to believe that the taxpayer's software sales were nontaxable, the Commissioner did not clearly err by assessing late-filing and late-payment penalties.

Affirmed.

1

Considered and decided by the court without oral argument.

O P I N I O N

WRIGHT, Justice.

Relator LumiData, Inc., challenges the decision of the Minnesota Tax Court upholding the Commissioner of Revenue's assessment of sales tax on LumiData's software sales. LumiData argues that its software sales are nontaxable because modifications LumiData made to its software removed it from the definition of "prewritten computer software." In the alternative, LumiData argues that it had reasonable cause to believe that its software sales were not taxable. Accordingly, LumiData contends that the tax court erred by upholding the Commissioner's order imposing late-filing and late-payment penalties. For the reasons that follow, we disagree with LumiData and affirm the tax court's decision on both issues.

I.

LumiData is a software company that sells a software program called "SOLYS" to retail suppliers. SOLYS organizes and analyzes information about sales at retailers' cash registers. For example, suppliers use SOLYS to assess the effectiveness of a particular sales promotion or to track the volume of product sales during a particular time period. Between 2005 and 2008, LumiData sold SOLYS to dozens of customers under license agreements. Each time LumiData sold a license for SOLYS, it customized SOLYS to meet the supplier's needs. Each new version of SOLYS incorporated the functionality of all past versions.

LumiData did not file Minnesota sales tax returns or pay sales tax on its SOLYS

2

sales between 2005 and 2008. In January 2009, the Commissioner commenced an audit of LumiData, covering the period from 2005 to 2008. Based on the audit, the Commissioner concluded that SOLYS is prewritten computer software under Minn. Stat. § 297A.61, subd. 17 (2012). Because LumiData had not separately stated in its invoice the charges for customizing SOLYS, the Commissioner concluded that all of LumiData's SOLYS sales for the period at issue were subject to sales tax.[1] The Commissioner assessed LumiData with $233,400.45 in sales taxes, $32,224.65 in penalties, and $33,627.90 in interest.[2]

LumiData appealed the Commissioner's order to the tax court. At trial, LumiData advanced a substance-over-form argument, contending that although it did not separately state its customization charges in its invoices, its transactions were, in substance, of customized software. To support this argument, LumiData submitted testimony from witnesses that SOLYS required extensive customization for each customer and that many of LumiData's customers refused to purchase SOLYS without the customization. The witnesses also testified that the cost of enhancement work often exceeded the price LumiData charged for SOLYS. LumiData contended that because suppliers were paying

---

[1]     The Commissioner's assessment order excluded two sales made under license agreements that included an express statement of LumiData's fee for custom programming. Those sales are not at issue here.

[2]     The Commissioner also assessed $1,533.96 in additional use taxes. Because LumiData stipulated in the tax court that the Commissioner properly assessed additional use taxes, those taxes are not at issue here.

for customized software, not prewritten software, it only sold customized software.

To support its argument that SOLYS was customized for each customer, LumiData submitted implementation checklists that set out the customer's needs and the enhancements required to meet those needs. LumiData also introduced a SOLYS version history, which provided a short summary of the changes made to each version of SOLYS.

The Commissioner countered that the licensing agreements for each transaction confirmed that SOLYS was at least partially prewritten. The Commissioner argued that because LumiData had failed to state its customization charges separately, it could not claim that any portion of its SOLYS sales were for customized software. The Commissioner acknowledged that software companies can show the degree of customization through documents other than customer invoices. But the Commissioner argued that LumiData failed to provide sufficient documentation to establish the degree of customization involved in each transaction.

LumiData also challenged the Commissioner's penalty assessment, arguing that even if the SOLYS sales were taxable, LumiData reasonably believed it had no obligation to pay sales tax or file returns. LumiData offered the testimony of its accountant in support of its argument that it had reasonable cause to believe that its SOLYS sales were exempt from sales tax. The accountant testified that, based on her understanding of LumiData's business, she had advised LumiData that its SOLYS sales were not subject to sales tax. The accountant testified that she did not know that the degree of customization could affect the tax status of each SOLYS sale, nor was the accountant familiar with the separate-statement requirement in Minn. Stat. § 297A.61, subd. 17.

4

The tax court concluded that SOLYS is "prewritten computer software" within the meaning of Minn. Stat. § 297A.61, subd. 17. The tax court found that SOLYS is a "substantial preexisting platform," rather than software "designed and developed to the specifications of each" customer. The tax court further concluded that "LumiData failed to present evidence to establish that any portion of its license fees should be treated as non-taxable."

The tax court also rejected LumiData's substance-over-form argument. Observing that LumiData structured the SOLYS sales as licensing agreements, not customization agreements, the tax court refused to allow LumiData to "systematically disavow" the transactional structure it chose. The tax court also determined that the testimony that LumiData's licensing fee did not cover the cost of customization was "entitled to little if any weight." In rejecting the substance-over-form argument, the tax court observed that this testimony was not corroborated by documentary evidence. The tax court expressly declined to ignore the plain language of the statute's separate-statement requirement.

Additionally, the tax court upheld the Commissioner's late-filing and late-payment penalties. The tax court reasoned that LumiData never formally sought its accountant's opinion as to whether the sales of SOLYS were taxable, and the accountant never reviewed the licensing agreements. Based on these facts, the tax court held that LumiData had not acted reasonably in relying on its accountant's opinion that sales of SOLYS were nontaxable.

II.

The principal question presented for our review is whether the tax court erred by concluding that SOLYS was taxable, prewritten computer software. We review the decision of the tax court to determine whether the decision is both supported by the evidence and in conformity with the law. *Eden Prairie Mall, LLC v. Cnty. of Hennepin*, 830 N.W.2d 16, 20 (Minn. 2013). In doing so, we review the tax court's legal determinations de novo and its factual findings for clear error. *Cont'l Retail, LLC v. Cnty. of Hennepin*, 801 N.W.2d 395, 398 (Minn. 2011). When reviewing the tax court's factual findings, we determine whether sufficient evidence exists to support those findings. *Croixdale, Inc. v. Cnty. of Washington*, 726 N.W.2d 483, 487 (Minn. 2007); *see Stelzner v. Comm'r of Revenue*, 621 N.W.2d 736, 742 (Minn. 2001). In doing so, we defer to the credibility determinations of the tax court. *Eden Prairie Mall, LLC*, 830 N.W.2d at 21.

All "gross receipts are [presumed] subject to . . . tax," and the burden of proving that a sale is not subject to tax is on the seller. Minn. Stat. § 297A.665(a)-(b) (2012). Sales of prewritten computer software are subject to sales tax. Minn. Stat. §§ 297A.61, subd. 3(f) (defining a sale as including "the transfer for a consideration of prewritten computer software"), 297A.62, subd. 1 (2012) (imposing a sales tax on the gross receipts from retail sales). Customized portions of prewritten computer software, however, are exempt from sales tax if the taxpayer separately states its charges for customization in its customer invoices or other statements of price. Minn. Stat. § 297A.61, subd. 17.

6

"Prewritten computer software" is defined as:

> [C]omputer software, including prewritten upgrades, that is not designed and developed by the author or other creator to the specifications of a specific purchaser. The combining of two or more "prewritten computer software" programs or prewritten portions of the programs does not cause the combination to be other than "prewritten computer software." "Prewritten computer software" includes software designed and developed by the author or other creator to the specifications of a specific purchaser when it is sold to a person other than the specific purchaser .... "Prewritten computer software" or a prewritten portion of it that is modified or enhanced to any degree, if the modification or enhancement is designed and developed to the specifications of a specific purchaser, remains "prewritten computer software"; provided, however, that if there is a reasonable, separately stated charge or an invoice or other statement of the price given to the purchaser for such modification or enhancement, the modification or enhancement does not constitute "prewritten computer software."

Minn. Stat. § 297A.61, subd. 17.

A.

LumiData argues that each SOLYS sale was "a unique package specifically tailored to the needs of each individual" customer. Because customers refused to purchase SOLYS without customization, LumiData contends, it did not sell taxable, prewritten computer software.

The Commissioner responds that SOLYS was predominantly a prewritten software program. The Commissioner points out that each version of SOLYS incorporated the code from previous versions. Because at least part of SOLYS was prewritten, the Commissioner maintains that LumiData needed to state separately its customization charges. Finally, the Commissioner argues that the tax court correctly

rejected LumiData's substance-over-form argument, giving little weight to the testimony of LumiData employees that the sales price represented only a customization charge.

Whether SOLYS is prewritten computer software within the meaning of Minn. Stat. § 297A.61, subd. 17, presents a question of statutory interpretation. When the language of a statute is free from ambiguity, we give effect to its plain meaning. *Brayton v. Pawlenty*, 781 N.W.2d 357, 363 (Minn. 2010); *see* Minn. Stat. § 645.16 (2012). The statute at issue in this case is unambiguous. Section 297A.61, subdivision 17, provides that partially prewritten and partially customized software is considered entirely prewritten computer software and, therefore, is taxable. Any customized portion of the software is exempt from sales tax only "if there is a reasonable, separately stated charge . . . for such modification or enhancement." Minn. Stat. § 297A.61, subd. 17. In order for the modified portion of the software to be considered custom software, the developer must separately state the charge for customization. *Id.*

The evidence before the tax court established that although SOLYS was customized for each purchaser, new versions of SOLYS incorporated existing versions. Therefore, SOLYS was a combination of prewritten and customized software. Consequently, to benefit from the sales tax exemption for customized software, LumiData needed to separate its charges for the prewritten software from the customization charges in its customer invoices. The tax court found that "none of the licenses in the record" contained a separate charge for customization, and LumiData provided no other documentation to establish that it separately charged purchasers for

8

customization work.[3]   Because LumiData did not separately state the charges for customization, the tax court correctly concluded that the entire sales price for SOLYS was taxable as a sale of prewritten computer software.

B.

In the alternative, LumiData urges us to rely on the substance of its SOLYS sales to conclude that it was selling customized software.  LumiData argues that the entire fee for SOLYS was for customization; therefore, in substance, customized software comprised the entirety of SOLYS sales.  In support of this theory, LumiData relies on employee testimony that the cost of customizing SOLYS exceeded the software's sales price.

Under proper circumstances, we will disregard a transaction's form in favor of its economic substance.  *Comm'r of Revenue v. Safco Prods. Co.*, 266 N.W.2d 875, 877 (Minn. 1978).  This case, however, does not present the proper circumstances for disregarding the form of LumiData's sales transactions.  LumiData's substance-over-form argument relies on testimony from LumiData employees that the cost of

---

[3]   LumiData relied largely on its implementation checklists to establish the extent of software customization.  Minnesota Rule 8130.9910, subp. 2(H) (2013), permits software developers to establish the degree of customization through, among other things, "timesheets, . . . diagrams of programs, flow diagrams, [and] coding sheets . . . ."  *Id.* This administrative rule, however, does not substantively advance LumiData's argument. The tax court found that "LumiData offer[ed] no documentary evidence whatsoever to verify the magnitude of its alleged custom programming costs."  This finding is not clearly erroneous.  LumiData produced no time records for development work, and the other documents in the record do not indicate LumiData's hourly rate for software development or customization work.

customizing SOLYS exceeded the sales price. But the tax court rejected this testimony, characterizing the testimony as "entitled to little if any weight." As the tax court observed, the testimony of LumiData employees was general, conclusory, and not corroborated by documentary evidence.[4] "The tax court is in the best position to evaluate the credibility. . . of witnesses." *F-D Oil Co. v. Comm'r of Revenue*, 560 N.W.2d 701, 706 (Minn. 1997); *see Eden Prairie Mall, LLC*, 830 N.W.2d at 21. When, as here, the tax court's factual findings are sufficiently supported by the record, we will not disturb them. *Croixdale, Inc.*, 726 N.W.2d at 437.

Section 297A.61, subdivision 17, is clear. Programs that combine both prewritten and custom software are taxable, prewritten computer software, unless the taxpayer separately states its customization charges. Minn. Stat. § 297A.61, subd. 17. We will not ignore the plain language of the law under the guise of pursuing its spirit. *Premier Bank v. Becker Dev., LLC*, 785 N.W.2d 753, 759 (Minn. 2010); *see also* Minn. Stat. § 645.16 (2012). The tax court's findings that LumiData sold mixed software without separately

---

[4]      LumiData primarily relies on two tax court decisions to support its substance-over-form argument, *Southern Exposure of Eagan, Inc. v. Commissioner of Revenue,* No. 7046, 1999 WL 968774 (Minn. T.C. Oct. 20, 1999), and *Liberty Diversified Industries., Inc. v. Commissioner of Revenue*, No. 5510–S, 1990 WL 235978 (Minn. T.C. Dec. 27, 1990). These decisions are not binding on this court, *Kmart Corp. v. Cnty. of Stearns*, 710 N.W.2d 761, 770 (Minn. 2006), nor do we find them persuasive in this case. In *Southern Exposure*, the tax court found credible the taxpayer's testimony that two-thirds of the sales price was for nontaxable services. 1999 WL 968774, at *4. Here, the tax court afforded "little if any weight" to the testimony that the entire license fee was for nontaxable, customization work. In *Liberty Diversified,* the statute at issue did not require the developer to state separately the customization charges. 1990 WL 235978, at *2 (citing Minn. Stat. § 297A.01, subd. 18 (2000) (repealed 2000)).

stating the customization charges in its invoices are supported by the record. Therefore, the tax court did not err by upholding the Commissioner's assessment of sales tax.

III.

We next consider whether LumiData had reasonable cause to believe that its SOLYS sales were not taxable. *See* Minn. Stat. § 270C.34, subd. 1 (2012). It is taxpayer's burden to prove that the Commissioner's penalty assessment is improper. *See F-D Oil Co. Inc.*, 560 N.W.2d at 707; *see also* Minn. Stat. § 271.06, subd. 6 (2012) ("[T]he order of the commissioner. . . shall be prima facie valid.") Whether LumiData had reasonable cause to believe that sales of SOLYS were not taxable is a question of fact, *see Stelzner*, 621 N.W.2d at 742, and we review the tax court's factual findings for clear error, *Cont'l Retail, LLC v. Cnty. of Hennepin*, 801 N.W.2d at 398.

Minnesota law requires the Commissioner to impose a penalty on taxpayers for failing to file timely tax returns and for failing to pay taxes on time. Minn. Stat. § 289A.60, subd. 1(e), 2 (2012). But if the taxpayer had reasonable cause to believe that the taxpayer was not required to file a tax return or that no tax was due, the Commissioner may abate the penalty. *See* Minn. Stat. § 270C.34, subd. 1. A taxpayer may satisfy the reasonable cause standard by reasonably relying on the advice of an accountant. *Stelzner*, 621 N.W.2d at 742; *see also United States v. Boyle*, 469 U.S. 241, 251 (1985). To establish reasonable reliance, a taxpayer must prove that the taxpayer provided the accountant with the relevant facts and circumstances of the transaction. *See Stelzner*, 621 N.W.2d at 742 (citing *Hatfried, Inc. v. Comm'r*, 162 F.2d 628, 631-35

11

(3d Cir. 1947)); *see also* Jerome Wahlert, 14A *Merten's Law of Fed. Income Tax'n* § 55.36 (2014).

The tax court upheld the Commissioner's late-filing and late-payment penalties. The tax court found no evidence in the record that LumiData sought an opinion from its accountant regarding the need to file tax returns based on the nature of LumiData's software-modification and business practices. The tax court's findings are not clearly erroneous. The accountant testified that had she known that LumiData was not filing tax returns, she would have advised it to do so. LumiData, therefore, has no opinion on which to rely for its decision not to file tax returns. *See Stelzner*, 621 N.W.2d at 742 ("Without reliance on their tax preparer's advice, [the taxpayer] cannot make a reasonable cause argument."). Under these facts, LumiData's failure to file tax returns is sufficient to justify the imposition of penalties and interest.

The tax court's rejection of Lumidata's defense that it reasonably relied on its accountant's opinion that SOLYS sales were not taxable also is well founded. Given the dearth of evidence as to the nature of LumiData's disclosures to its accountant about the software customization and the clear and undisputed statutory requirement for separate statements to avoid tax liability, we affirm the tax court's decision upholding the Commissioner's penalty assessments under Minn. Stat. § 289A.60

IV.

In summary, we conclude that LumiData's sales of SOLYS were subject to sales tax as prewritten computer software. Therefore, we affirm the tax court's decision to uphold the Commissioner's order assessing sales tax. Because the record does not

12

establish that LumiData had reasonable cause to believe that its sales of SOLYS were not taxable, we also affirm the imposition of late-filing and late-payment penalties.

Affirmed.